IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HOSPITAL SERVICE ASSOCIATION OF NORTHEASTERN PENNSYLVANIA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 05-503 T<br>Judge Thomas C. Wheeler |

**PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims, Plaintiff Hospital Service Association of Northeastern Pennsylvania ("HSA") respectfully submits the following Proposed Findings of Uncontroverted Fact in support of its cross-motion for partial summary judgment and in opposition to the Government's motion for summary judgment:

1. HSA's claims with respect to its section 165 losses relating to healthcare coverage contracts were disallowed by the Internal Revenue Service, as were the claims of almost all the other similarly situated Blue Cross/Blue Shield organizations. Statutory Notices of Claim Disallowance dated April 27, 2001, for the tax years 1991 through 1997 (hereinafter "Notice of Disallowance") (Pl. Ex. 1, App. B at B-3 through B-16); Excerpts from PricewaterhouseCoopers Report (2007), "2006 Year in Review: Continuing Developments in the Taxation of Insurance Companies" (hereinafter "PWC Year in Review") (Pl. Ex. 2, App. B at B-20).

2. The Internal Revenue Service has proffered a national settlement to all of the Blue Cross/Blue Shield organizations not currently in litigation for losses arising from the cancellation or termination of healthcare coverage contracts. May 12, 2006 Letter from Internal Revenue Service, LMSB Division to an unnamed Blue Cross/Blue Shield organization (hereinafter "Settlement Offer Letter") (Pl. Ex. 3, App. B at B-23 through B-26); PWC Year in Review (Pl. Ex. 2, App. B at B-20).

3. In the national settlement offer, the Government agreed that a loss deduction is allowable upon termination of a healthcare coverage contract with respect to which the taxpayer claims a stepped-up basis as a result of the Fresh Start Basis Rule. Settlement Offer Letter (Pl. Ex. 3, App. B at B-23); Sample Form 906-c (Rev. August 1994), Closing Agreement on Final Determination Covering Specific Matters, sent by the Internal Revenue Service (hereinafter "Sample Closing Agreement") (Pl. Ex. 4, App. B at B-27 through B-28); PWC Year in Review (Pl. Ex. 2, App. B at B-20).

4. In the national settlement offer, the Government will allow the Blue Cross/Blue Shield organizations to deduct 80 percent of the appraised value of the terminated healthcare coverage contracts at issue, subject to an overall valuation limitation. Settlement Offer Letter (Pl. Ex. 3, App. B at B-23 through B-24); PWC Year in Review (Pl. Ex. 2, App. B at B-21).

5. The national settlement offer contemplates that a Closing Agreement will form part of the settlement which will, in effect, determine the taxpayers' section 165 deductions for all future years. Settlement Offer Letter (Pl. Ex. 3, App. B at B-24 through B-25); Sample Closing Agreement (Pl. Ex. 4, App. B at B-27 through B-29); PWC Year in Review (Pl. Ex. 2, App. B at B-20 through B-21).

6. The settlement permanently settles the section 165 deduction issue for the parties to the settlement. Settlement Offer Letter (Pl. Ex. 3, App. B at B-25); Sample Closing Agreement (Pl. Ex. 4, App. B at B-29).

7. In each of its taxable years beginning in 1987 HSA suffered losses when some of its healthcare coverage contracts were cancelled or terminated. Def. Ex. 18 at 28 (Def. App. B at B-193).

8. HSA determined the individual January 1, 1987, value of each and every one of its group healthcare coverage contracts (which range from less than $100 to more than $400,000) and claimed, under Code section 165, loss deductions for each lost contract in the year of the loss. Def. Ex. 18 at 28 (Def. App. B at B-193); Def.'s PFUF ¶¶ 9-11, 44; Excepts from App. to Ernst & Young Valuation Report (Pl. Ex. 5, App. B at B-32 through B-33); Robinson Decl. ¶ 8 (Pl. App. B at B-2).

9. HSA claims loss deductions, not depreciation deductions, for the cancellation, abandonment or termination of its healthcare coverage contracts. Def. Ex. 18 at 28 (Def. App. B at B-193); Def.'s PFUF ¶¶ 9, 44.

Respectfully submitted,

____/s/ Frederick H. Robinson_____
Frederick H. Robinson
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005
(202) 626-5800
(202) 628-0858 (facsimile)

Counsel of Record for Plaintiff

*Of Counsel:*
Clarence T. Kipps, Jr.
Maria O. Jones
Adam P. Feinberg
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005
(202) 626-5800
(202) 628-0858 (facsimile)

Dated: April 30, 2007