05-503 T
(Judge Wheeler)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

HOSPITAL SERVICE ASSOCIATION OF
NORTHEASTERN PENNSYLVANIA,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

APPENDIX A TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT
AND IN OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
W.C. RAPP
KAREN SERVIDEA
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3423
(202) 514-9440 (Fax)

APPENDIX A
TABLE OF CONTENTS

Page:

Internal Revenue Code of 1986 (26 U.S.C.):

§ 833 . . . . . . . . . . A-1

§ 1014 . . . . . . . . . . A-4

§ 1031 . . . . . . . . . . A-5

§ 1033 . . . . . . . . . . A-6

§ 1231 . . . . . . . . . . A-7

§ 2001 . . . . . . . . . . A-8

§ 2031 . . . . . . . . . . A-8

§ 4940 . . . . . . . . . . A-8

§ 6110 . . . . . . . . . . A-9

Revenue Act of 1916, Pub. L. No. 64-271, 39 Stat. 756 . . . . . . . . . . A-10

Revenue Act of 1918, Pub. L. No. 65-254, 40 Stat. 1057 . . . . . . . . . . A-14

Revenue Act of 1921, Pub. L. No. 67-98, 42 Stat. 227 . . . . . . . . . . A-25

Treasury Regulation (26 C.F.R.):

§ 1.446-1 (1996) . . . . . . . . . . A-30

§ 1.446-1 (2006) . . . . . . . . . . A-32

# APPENDIX A

Internal Revenue Code of 1986 (26 U.S.C.):

§ 833. Treatment of Blue Cross and Blue Shield organizations, etc.

(a) General rule.--In the case of any organization to which this section applies--

(1) Treated as stock company.--Such organization shall be taxable under this part in the same manner as if it were a stock insurance company.

(2) Special deduction allowed.--The deduction determined under subsection (b) for any taxable year shall be allowed.

(3) Reductions in unearned premium reserves not to apply.--Subparagraph (B) of paragraph (4) of section 832(b) shall be applied by substituting "100 percent" for "80 percent", and subparagraph (C) of such paragraph (4) shall not apply.

(b) Amount of deduction.--

(1) In general.--Except as provided in paragraph (2), the deduction determined under this subsection for any taxable year is the excess (if any) of--

(A) 25 percent of the sum of--

(i) the claims incurred during the taxable year and liabilities incurred during the taxable year under cost-plus contracts, and

(ii) the expenses incurred during the taxable year in connection with the administration, adjustment, or settlement of claims or in connection with the administration of cost-plus contracts, over

(B) the adjusted surplus as of the beginning of the taxable year.

(2) Limitation.--The deduction determined under paragraph (1) for any taxable year shall not exceed taxable income for such taxable year (determined without regard to such deduction).

(3) Adjusted surplus.--For purposes of this subsection--

(A) In general.--The adjusted surplus as of the beginning of any taxable year is an amount equal to the adjusted surplus as of the beginning of the preceding taxable year--

(i) increased by the amount of any adjusted taxable income for such preceding taxable year, or

(ii) decreased by the amount of any adjusted net operating loss for

such preceding taxable year.

(B) Special rule.--The adjusted surplus as of the beginning of the organization's 1st taxable year beginning after December 31, 1986, shall be its surplus as of such time. For purposes of the preceding sentence and subsection (c)(3)(C), the term "surplus" means the excess of the total assets over total liabilities as shown on the annual statement.

(C) Adjusted taxable income.--The term "adjusted taxable income" means taxable income determined--

(i) without regard to the deduction determined under this subsection,

(ii) without regard to any carryforward or carryback to such taxable year, and

(iii) by increasing gross income by an amount equal to the net exempt income for the taxable year.

(D) Adjusted net operating loss.--The term "adjusted net operating loss" means the net operating loss for any taxable year determined with the adjustments set forth in subparagraph (C).

(E) Net exempt income.--The term "net exempt income" means--

(i) any tax-exempt interest received or accrued during the taxable year, reduced by any amount (not otherwise deductible) which would have been allowable as a deduction for the taxable year if such interest were not tax-exempt, and

(ii) the aggregate amount allowed as a deduction for the taxable year under sections 243, 244, and 245.

The amount determined under clause (ii) shall be reduced by the amount of any decrease in deductions allowable for the taxable year by reason of section 832(b)(5)(B) to the extent such decrease is attributable to deductions under sections 243, 244, and 245.

(4) Only health-related items taken into account.--Any determination under this subsection shall be made by only taking into account items attributable to the health-related business of the taxpayer.

(c) Organizations to which section applies.--

(1) In general.--This section shall apply to--

(A) any existing Blue Cross or Blue Shield organization, and

(B) any other organization meeting the requirements of paragraph (3).

(2) Existing Blue Cross or Blue Shield organization.--The term "existing Blue Cross or Blue Shield organization" means any Blue Cross or Blue Shield organization if--

(A) such organization was in existence on August 16, 1986,

(B) such organization is determined to be exempt from tax for its last taxable year beginning before January 1, 1987, and

(C) no material change has occurred in the operations of such organization or in its structure after August 16, 1986, and before the close of the taxable year.

To the extent permitted by the Secretary, any successor to an organization meeting the requirements of the preceding sentence, and any organization resulting from the merger or consolidation of organizations each of which met such requirements, shall be treated as an existing Blue Cross or Blue Shield organization.

(3) Other organizations.--

(A) In general.--An organization meets the requirements of this paragraph for any taxable year if–

(i) substantially all the activities of such organization involve the providing of health insurance,

(ii) at least 10 percent of the health insurance provided by such organization is provided to individuals and small groups (not taking into account any medicare supplemental coverage),

(iii) such organization provides continuous full-year open enrollment (including conversions) for individuals and small groups,

(iv) such organization's policies covering individuals provide full coverage of pre-existing conditions of high-risk individuals without a price differential (with a reasonable waiting period), and coverage is provided without regard to age, income, or employment status of individuals under age 65,

(v) at least 35 percent of its premiums are determined on a community rated basis, and

(vi) no part of its net earnings inures to the benefit of any private shareholder or individual.

(B) Small group defined.--For purposes of subparagraph (A), the term "small group" means the lesser of--

(i) 15 individuals, or

(ii) the number of individuals required for a small group under applicable State law.

(C) Special rule for determining adjusted surplus.--For purposes of subsection (b), the adjusted surplus of any organization meeting the requirements of this paragraph as of the beginning of the 1st taxable year for which it meets such requirements shall be its surplus as of such time.

(4) Treatment as existing Blue Cross or Blue Shield organization.--

(A) In general.--Paragraph (2) shall be applied to an organization described in subparagraph (B) as if it were a Blue Cross or Blue Shield organization.

(B) Applicable organization.--An organization is described in this subparagraph if it--

(i) is organized under, and governed by, State laws which are specifically and exclusively applicable to not-for-profit health insurance or health service type organizations, and

(ii) is not a Blue Cross or Blue Shield organization or health maintenance organization.

§ 1014. Basis of property acquired from a decedent

(a) In general.--Except as otherwise provided in this section, the basis of property in the hands of a person acquiring the property from a decedent or to whom the property passed from a decedent shall, if not sold, exchanged, or otherwise disposed of before the decedent's death by such person, be--

(1) the fair market value of the property at the date of the decedent's death,

(2) in the case of an election under either section 2032 or section 811(j) of the Internal Revenue Code of 1939 where the decedent died after October 21, 1942, its value at the applicable valuation date prescribed by those sections,

(3) in the case of an election under section 2032A, its value determined under such section, or

(4) to the extent of the applicability of the exclusion described in section 2031(c), the basis in the hands of the decedent.

. . . .

§ 1031. Exchange of property held for productive use or investment

(a) Nonrecognition of gain or loss from exchanges solely in kind.--

(1) In general.--No gain or loss shall be recognized on the exchange of property held for productive use in a trade or business or for investment if such property is exchanged solely for property of like kind which is to be held either for productive use in a trade or business or for investment.

(2) Exception.--This subsection shall not apply to any exchange of--

(A) stock in trade or other property held primarily for sale,

(B) stocks, bonds, or notes,

(C) other securities or evidences of indebtedness or interest,

(D) interests in a partnership,

(E) certificates of trust or beneficial interests, or

(F) choses in action.

For purposes of this section, an interest in a partnership which has in effect a valid election under section 761(a) to be excluded from the application of all of subchapter K shall be treated as an interest in each of the assets of such partnership and not as an interest in a partnership.

(3) Requirement that property be identified and that exchange be completed not more than 180 days after transfer of exchanged property.--For purposes of this subsection, any property received by the taxpayer shall be treated as property which is not like-kind property if–

(A) such property is not identified as property to be received in the exchange on or before the day which is 45 days after the date on which the taxpayer transfers the property relinquished in the exchange, or

(B) such property is received after the earlier of--

(i) the day which is 180 days after the date on which the taxpayer transfers the property relinquished in the exchange, or

(ii) the due date (determined with regard to extension) for the transferor's return of the tax imposed by this chapter for the taxable year in which the transfer of the relinquished property occurs.

(b) Gain from exchanges not solely in kind.--If an exchange would be within the provisions of subsection (a), of section 1035(a), of section 1036(a), or of section 1037(a), if it were not for the fact that the property received in exchange consists not only of property permitted by such provisions to be received without the recognition of gain, but also of other property or

money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

(c) Loss from exchanges not solely in kind.--If an exchange would be within the provisions of subsection (a), of section 1035(a), of section 1036(a), or of section 1037(a), if it were not for the fact that the property received in exchange consists not only of property permitted by such provisions to be received without the recognition of gain or loss, but also of other property or money, then no loss from the exchange shall be recognized.

(d) Basis.--If property was acquired on an exchange described in this section, section 1035(a), section 1036(a), or section 1037(a), then the basis shall be the same as that of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized on such exchange. If the property so acquired consisted in part of the type of property permitted by this section, section 1035(a), section 1036(a), or section 1037(a), to be received without the recognition of gain or loss, and in part of other property, the basis provided in this subsection shall be allocated between the properties (other than money) received, and for the purpose of the allocation there shall be assigned to such other property an amount equivalent to its fair market value at the date of the exchange. For purposes of this section, section 1035(a), and section 1036(a), where as part of the consideration to the taxpayer another party to the exchange assumed (as determined under section 357(d)) a liability of the taxpayer, such assumption shall be considered as money received by the taxpayer on the exchange.

. . . .

§ 1033. Involuntary conversions

. . . .

(b) Basis of property acquired through involuntary conversion.--

(1) Conversions described in subsection (a)(1).--If the property was acquired as the result of a compulsory or involuntary conversion described in subsection (a)(1), the basis shall be the same as in the case of the property so converted--

(A) decreased in the amount of any money received by the taxpayer which was not expended in accordance with the provisions of law (applicable to the year in which such conversion was made) determining the taxable status of the gain or loss upon such conversion, and

(B) increased in the amount of gain or decreased in the amount of loss to the taxpayer recognized upon such conversion under the law applicable to the year in which such conversion was made.

(2) Conversions described in subsection (a)(2).--In the case of property purchased by

the taxpayer in a transaction described in subsection (a)(2) which resulted in the nonrecognition of any part of the gain realized as the result of a compulsory or involuntary conversion, the basis shall be the cost of such property decreased in the amount of the gain not so recognized; and if the property purchased consists of more than 1 piece of property, the basis determined under this sentence shall be allocated to the purchased properties in proportion to their respective costs.

. . . .

§ 1231. Property used in the trade or business and involuntary conversions

(a) General rule.--

(1) Gains exceed losses.--If--

(A) the section 1231 gains for any taxable year, exceed

(B) the section 1231 losses for such taxable year,

such gains and losses shall be treated as long-term capital gains or long-term capital losses, as the case may be.

(2) Gains do not exceed losses.--If–

(A) the section 1231 gains for any taxable year, do not exceed

(B) the section 1231 losses for such taxable year,

such gains and losses shall not be treated as gains and losses from sales or exchanges of capital assets.

(3) Section 1231 gains and losses.--For purposes of this subsection--

(A) Section 1231 gain.--The term "section 1231 gain" means--

(i) any recognized gain on the sale or exchange of property used in the trade or business, and

(ii) any recognized gain from the compulsory or involuntary conversion (as a result of destruction in whole or in part, theft or seizure, or an exercise of the power of requisition or condemnation or the threat or imminence thereof) into other property or money of–

(I) property used in the trade or business, or

(II) any capital asset which is held for more than 1 year and is held in connection with a trade or business or a transaction entered into for profit.

(B) Section 1231 loss.--The term "section 1231 loss" means any recognized loss from a sale or exchange or conversion described in subparagraph (A).

. . . .

§ 2001. Imposition and rate of tax

(a) Imposition.--A tax is hereby imposed on the transfer of the taxable estate of every decedent who is a citizen or resident of the United States.

. . . .

§ 2031. Definition of gross estate

(a) General.--The value of the gross estate of the decedent shall be determined by including to the extent provided for in this part, the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated.

. . . .

§ 4940. Excise tax based on investment income

(a) Tax-exempt foundations.--There is hereby imposed on each private foundation which is exempt from taxation under section 501(a) for the taxable year, with respect to the carrying on of its activities, a tax equal to 2 percent of the net investment income of such foundation for the taxable year.

. . . .

(c) Net investment income defined.--

. . . .

(4) Capital gains and losses.--For purposes of paragraph (1) in determining capital gain net income–

(A) There shall be taken into account only gains and losses from the sale or other disposition of property used for the production of gross investment income (as defined in paragraph (2)), and property used for the production of income included in computing the tax imposed by section 511 (except to the extent gain or loss from the sale or other disposition of such property is taken into account for purposes of such tax).

(B) The basis for determining gain in the case of property held by the private foundation on December 31, 1969, and continuously thereafter to the date of

its disposition shall be deemed to be not less than the fair market value of such property on December 31, 1969.

(C) Losses from sales or other dispositions of property shall be allowed only to the extent of gains from such sales or other dispositions, and there shall be no capital loss carryovers or carrybacks.

(D) Except to the extent provided by regulation, under rules similar to the rules of section 1031 (including the exception under subsection (a)(2) thereof), no gain or loss shall be taken into account with respect to any portion of property used for a period of not less than 1 year for a purpose or function constituting the basis of the private foundation's exemption if the entire property is exchanged immediately following such period solely for property of like kind which is to be used primarily for a purpose or function constituting the basis for such foundation's exemption.

. . . .

§ 6110. Public inspection of written determinations

(a) General rule.--Except as otherwise provided in this section, the text of any written determination and any background file document relating to such written determination shall be open to public inspection at such place as the Secretary may by regulations prescribe.

(b) Definitions.--For purposes of this section–

(1) Written determination.--

(A) In general.--The term "written determination" means a ruling, determination letter, technical advice memorandum, or Chief Counsel advice.

(B) Exceptions.--Such term shall not include any matter referred to in subparagraph (C) or (D) of section 6103(b)(2).

. . . .

(k) Special provisions.--

. . . .

(3) Precedential status.--Unless the Secretary otherwise establishes by regulations, a written determination may not be used or cited as precedent. The preceding sentence shall not apply to change the precedential status (if any) of written determinations with regard to taxes imposed by subtitle D of this title.

. . . .

Investigation whether regulations are complied with.

place or places wherein such business is to be conducted. If at any time the Federal Reserve Board shall ascertain that the regulations prescribed by it are not being complied with, said board is hereby authorized and empowered to institute an investigation of the matter and to send for persons and papers, subpœna witnesses, and administer oaths in order to satisfy itself as to the actual nature of the transactions referred to. Should such investigation result in establishing the failure of the corporation in question, or of the national bank or banks which may be stockholders therein, to comply with the regulations laid down by the said Federal Reserve Board, such national banks may be required to dispose of stock holdings in the said corporation upon reasonable notice.

Disposal of interest for noncompliance.

Separation of accounts.

"Every such national banking association shall conduct the accounts of each foreign branch independently of the accounts of other foreign branches established by it and of its home office, and shall at the end of each fiscal period transfer to its general ledger the profit or loss accrued at each branch as a separate item.

Member bank officials, etc., may serve in such banks.

"Any director or other officer, agent, or employee of any member bank may, with the approval of the Federal Reserve Board, be a director or other officer, agent, or employee of any such bank or corporation above mentioned in the capital stock of which such member bank shall have invested as hereinbefore provided, without being subject to the provisions of section eight of the Act approved October fifteenth, nineteen hundred and fourteen, entitled 'An Act to supplement existing laws against unlawful restraints and monopolies, and for other purposes.' "

Vol. 38, p. 732.

Approved, September 7, 1916.

---

September 8, 1916.
[H. R. 16763.]

[Public, No. 271.]

**CHAP. 463.**—An Act To increase the revenue, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Revenue Act, 1916.

Income tax.

## TITLE I.—INCOME TAX.

On individuals.

### Part I.—On Individuals.

Two per cent levied on net incomes.
Vol. 38, p. 166.

Nonresident aliens, from United States sources.

Sec. 1. (a) That there shall be levied, assessed, collected, and paid annually upon the entire net income received in the preceding calendar year from all sources by every individual, a citizen or resident of the United States, a tax of two per centum upon such income; and a like tax shall be levied, assessed, collected, and paid annually upon the entire net income received in the preceding calendar year from all sources within the United States by every individual, a nonresident alien, including interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise.

Additional tax if exceeding $20,000.

(b) In addition to the income tax imposed by subdivision (a) of this section (herein referred to as the normal tax) there shall be levied, assessed, collected, and paid upon the total net income of every individual, or, in the case of a nonresident alien, the total net income received from all sources within the United States, an additional income tax (herein referred to as the additional tax) of one per centum per annum upon the amount by which such total net income exceeds $20,000 and does not exceed $40,000, two per centum per annum upon the amount by which such total net income exceeds $40,000 and does not exceed $60,000, three per centum per annum upon the amount by which such total net income exceeds $60,000 and does not exceed $80,000, four per centum per annum upon the amount by which such total net income exceeds $80,000 and does

Rates.

INCOME TAX.

not exceed $100,000, five per centum per annum upon the amount by which such total net income exceeds $100,000 and does not exceed $150,000, six per centum per annum upon the amount by which such total net income exceeds $150,000 and does not exceed $200,000, seven per centum per annum upon the amount by which such total net income exceeds $200,000 and does not exceed $250,000, eight per centum per annum upon the amount by which such total net income exceeds $250,000 and does not exceed $300,000, nine per centum per annum upon the amount by which such total net income exceeds $300,000 and does not exceed $500,000, ten per centum per annum upon the amount by which such total net income exceeds $500,000, and does not exceed $1,000,000, eleven per centum per annum upon the amount by which such total net income exceeds $1,000,000 and does not exceed $1,500,000, twelve per centum per annum upon the amount by which such total net income exceeds $1,500,000 and does not exceed $2,000,000, and thirteen per centum per annum upon the amount by which such total net income exceeds $2,000,000.

Dividends from corporations, etc., included.

For the purpose of the additional tax there shall be included as income the income derived from dividends on the capital stock or from the net earnings of any corporation, joint-stock company or association, or insurance company, except that in the case of non-resident aliens such income derived from sources without the United States shall not be included.

Nonresident aliens.

General normal tax provisions applicable.

All the provisions of this title relating to the normal tax on individuals, so far as they are applicable and are not inconsistent with this subdivision and section three, shall apply to the imposition, levy, assessment, and collection of the additional tax imposed under this subdivision.

Taxes based on calendar year.

(c) The foregoing normal and additional tax rates shall apply to the entire net income, except as hereinafter provided, received by every taxable person in the calendar year nineteen hundred and sixteen and in each calendar year thereafter.

Income defined.

INCOME DEFINED.

Sources included.

Sec. 2. (a) That, subject only to such exemptions and deductions as are hereinafter allowed, the net income of a taxable person shall include gains, profits, and income derived from salaries, wages, or compensation for personal service of whatever kind and in whatever form paid, or from professions, vocations, businesses, trade, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in real or personal property, also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever: *Provided*, That the term "dividends" as used in this title shall be held to mean any distribution made or ordered to be made by a corporation, joint-stock company, association, or insurance company, out of its earnings or profits accrued since March first, nineteen hundred and thirteen, and payable to its shareholders, whether in cash or in stock of the corporation, joint-stock company, association, or insurance company, which stock dividend shall be considered income, to the amount of its cash value.

*Proviso.*
Dividends accruing since March 1, 1913.

Estates of deceased persons.

(b) Income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates, and also such income of estates or any kind of property held in trust, including such income accumulated in trust for the benefit of unborn or unascertained persons, or persons with contingent interests, and income held for future distribution under the terms of the will or trust shall be likewise taxed, the tax in each instance, except when

Trusts, etc.

INCOME TAX.

the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be: *Provided*, That where the income is to be distributed annually or regularly between existing heirs or legatees, or beneficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed.

*Proviso.* Tax on annual distributions.

Trustees and other fiduciaries indemnified for payments.

Such trustees, executors, administrators, and other fiduciaries are hereby idemnified against the claims or demands of every beneficiary for all payments of taxes which they shall be required to make under the provisions of this title, and they shall have credit for the amount of such payments against the beneficiary or principal in any accounting which they make as such trustees or other fiduciaries.

Gains from property acquired before March 1, 1913.

(c) For the purpose of ascertaining the gain derived from the sale or other disposition of property, real, personal, or mixed, acquired before March first, nineteen hundred and thirteen, the fair market price or value of such property as of March first, nineteen hundred and thirteen, shall be the basis for determining the amount of such gain derived.

Undistributed profits.

## ADDITIONAL TAX INCLUDES UNDISTRIBUTED PROFITS.

Share of individuals in, subject to additional tax.

Sec. 3. For the purpose of the additional tax, the taxable income of any individual shall include the share to which he would be entitled of the gains and profits, if divided or distributed, whether divided or distributed or not, of all corporations, joint-stock companies or associations, or insurance companies, however created or organized, formed or fraudulently availed of for the purpose of preventing the imposition of such tax through the medium of permitting such gains and profits to accumulate instead of being divided or distributed; and the fact that any such corporation, joint-stock company or association, or insurance company is a mere holding company, or that the gains and profits are permitted to accumulate beyond the reasonable needs of the business, shall be prima facie evidence of a fraudulent purpose to escape such tax; but the fact that the gains and profits are in any case permitted to accumulate and become surplus shall not be construed as evidence of a purpose to escape the said tax in such case unless the Secretary of the Treasury shall certify that in his opinion such accumulation is unreasonable for the purposes of the business. When requested by the Commissioner of Internal Revenue, or any district collector of internal revenue, such corporation, joint-stock company or association, or insurance company shall forward to him a correct statement of such gains and profits and the names and addresses of the individuals or shareholders who would be entitled to the same if divided or distributed.

Holding companies. Evidence of purpose to avoid tax.

Permissible accumulations.

Statements from companies.

Exemptions.

## INCOME EXEMPT FROM LAW.

Sources specified.

Sec. 4. The following income shall be exempt from the provisions of this title:

Life insurance policies.

The proceeds of life insurance policies paid to individual beneficiaries upon the death of the insured; the amount received by the insured, as a return of premium or premiums paid by him under life insurance, endowment, or annuity contracts, either during the term or at the maturity of the term mentioned in the contract or upon the surrender of the contract; the value of property acquired by gift, bequest, devise, or descent (but the income from such property shall be included as income); interest upon the obligations of a State or any political subdivision thereof or upon the obligations of the United States or its possessions or securities issued under the provisions of the Federal farm loan Act of July seventeenth, nineteen hundred and sixteen; the compensation of the present President of the United

Gifts, etc.

Interest on State, Federal, etc., obligations.

*Ante*, p. 360.

President during present term.

States during the term for which he has been elected, and the judges of the Supreme and inferior courts of the United States now in office, and the compensation of all officers and employees of a State, or any political subdivision thereof, except when such compensation is paid by the United States Government. INCOME TAX. Judges, State officials, etc.

DEDUCTIONS ALLOWED. Deductions allowed.

Sec. 5. That in computing net income in the case of a citizen or resident of the United States— Citizens or residents.

(a) For the purpose of the tax there shall be allowed as deductions— Objects specified.

First. The necessary expenses actually paid in carrying on any business or trade, not including personal, living, or family expenses; Business expenses.

Second. All interest paid within the year on his indebtedness; Interest on debts.

Third. Taxes paid within the year imposed by the authority of the United States, or its Territories, or possessions, or any foreign country, or under the authority of any State, county, school district, or municipality, or other taxing subdivision of any State, not including those assessed against local benefits; General taxes.

Fourth. Losses actually sustained during the year, incurred in his business or trade, or arising from fires, storms, shipwreck, or other casualty, and from theft, when such losses are not compensated for by insurance or otherwise: *Provided*, That for the purpose of ascertaining the loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March first, nineteen hundred and thirteen, the fair market price or value of such property as of March first, nineteen hundred and thirteen, shall be the basis for determining the amount of such loss sustained; Losses. *Proviso.* On property acquired before March 1, 1913.

Fifth. In transactions entered into for profit but not connected with his business or trade, the losses actually sustained therein during the year to an amount not exceeding the profits arising therefrom; Not connected with trade.

Sixth. Debts due to the taxpayer actually ascertained to be worthless and charged off within the year; Worthless debts.

Seventh. A reasonable allowance for the exhaustion, wear and tear of property arising out of its use or employment in the business or trade; Deterioration of property.

Eighth. (a) In the case of oil and gas wells a reasonable allowance for actual reduction in flow and production to be ascertained not by the flush flow, but by the settled production or regular flow; (b) in the case of mines a reasonable allowance for depletion thereof not to exceed the market value in the mine of the product thereof, which has been mined and sold during the year for which the return and computation are made, such reasonable allowance to be made in the case of both (a) and (b) under rules and regulations to be prescribed by the Secretary of the Treasury: *Provided*, That when the allowances authorized in (a) and (b) shall equal the capital originally invested, or in case of purchase made prior to March first, nineteen hundred and thirteen, the fair market value as of that date, no further allowance shall be made. No deduction shall be allowed for any amount paid out for new buildings, permanent improvements, or betterments, made to increase the value of any property or estate, and no deduction shall be made for any amount of expense of restoring property or making good the exhaustion thereof for which an allowance is or has been made. Allowance for oil and gas wells. Mine depletion. *Proviso.* Acquired before March 1, 1913. Betterments, etc., excluded.

CREDITS ALLOWED. Credits allowed.

(b) For the purpose of the normal tax only, the income embraced in a personal return shall be credited with the amount received as dividends upon the stock or from the net earnings of any corporation, Incomes from corporations, etc., paying tax.

be necessary to replace any medals, crosses, bars, emblems, or insignia as are herein or may heretofore have been provided for: *Provided*, That such replacement shall be made only in those cases where the medal of honor, distinguished-service medal, or Navy cross, or bar, emblem, or insignia presented under the provisions of this or any other Act shall have been lost, destroyed, or rendered unfit for use without fault or neglect on the part of the person to whom it was awarded, and shall be made without charge therefor.

*Proviso.* Replacement of lost, etc., honor device.

SEC. 7. That, except as otherwise prescribed herein, no medal of honor, distinguished-service medal, Navy cross, or bar or other suitable emblem or insignia in lieu of either of said medals or of said cross, shall be issued to any person after more than five years from the date of the act or service justifying the award thereof, nor unless a specific statement or report distinctly setting forth the act or distinguished service and suggesting or recommending official recognition thereof shall have been made by his naval superior through official channels at the time of the act or service or within three years thereafter.

Time limit for issuing.

Statement of service, etc., required.

SEC. 8. That in case an individual who shall distinguish himself dies before the making of the award to which he may be entitled the award may nevertheless be made and the medal or cross or the bar or other emblem or insignia presented within five years from the date of the act or service justifying the award thereof to such representative of the deceased as the President may designate: *Provided*, That no medal or cross or no bar or other emblem or insignia shall be awarded or presented to any individual or to the representative of any individual whose entire service subsequent to the time he distinguished himself shall not have been honorable: *Provided further*, That in cases of persons now in the naval service for whom the award of the medal of honor has been recommended in full compliance with then existing regulations, but on account of services which, though insufficient fully to justify the award of the medal of honor, appears to have been such as to justify the award of the distinguished-service medal or Navy cross hereinbefore provided for, such cases may be considered and acted upon under the provisions of this Act authorizing the award of the distinguished-service medal and Navy cross notwithstanding that said services may have been rendered more than five years before said cases shall have been considered as authorized by this proviso, but all consideration or any action upon any of said cases shall be based exclusively upon official records now on file in the Navy Department.

Award in case of death.

*Provisos.* Subsequent entirely honorable service required.

Awards to persons now in service, which have been recommended.

Official records of Department to govern.

SEC. 9. That the President be, and he hereby is, authorized to delegate, under such conditions, regulations, and limitations as he shall prescribe, to flag officers who are commanders in chief or commanding on important independent duty the power conferred upon him by this Act to award the Navy cross; and he is further authorized to make from time to time any and all rules, regulations, and orders which he shall deem necessary to carry into effect the provisions of this Act and to execute the full purpose and intention thereof.

Flag officers, etc., may award Navy cross.

Regulations, etc.

Approved, February 4, 1919.

---

February 24, 1919.
[H. R. 12863.]

[Public, No. 254.]

**CHAP. 18.**—An Act To provide revenue, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Revenue Act of 1918.

## TITLE I.—GENERAL DEFINITIONS.

General definitions.

SECTION 1. That when used in this Act—

The term "person" includes partnerships and corporations, as well as individuals;

"Person."

REVENUE ACT OF 1918. "Corporation." The term "corporation" includes associations, joint-stock companies, and insurance companies;

"Domestic." The term "domestic" when applied to a corporation or partnership means created or organized in the United States;

"Foreign." The term "foreign" when applied to a corporation or partnership means created or organized outside the United States;

"United States." The term "United States" when used in a geographical sense includes only the States, the Territories of Alaska and Hawaii, and the District of Columbia;

"Secretary." The term "Secretary" means the Secretary of the Treasury;

"Commissioner." The term "Commissioner" means the Commissioner of Internal Revenue;

"Collector." The term "collector" means collector of internal revenue;

"Revenue Act of 1916." Vol. 39, p. 756. The term "Revenue Act of 1916" means the Act entitled "An Act to increase the revenue, and for other purposes," approved September 8, 1916;

"Revenue Act of 1917." *Ante*, p. 300. The term "Revenue Act of 1917" means the Act entitled "An Act to provide revenue to defray war expenses, and for other purposes," approved October 3, 1917;

"Taxpayer." The term "taxpayer" includes any person, trust or estate subject to a tax imposed by this Act;

"Government contract." With United States or agency thereof. Subcontracts. During war with Germany subsequently validated. *Post*, p. 1272. The term "Government contract" means (a) a contract made with the United States, or with any department, bureau, officer, commission, board, or agency, under the United States and acting in its behalf, or with any agency controlled by any of the above if the contract is for the benefit of the United States, or (b) a subcontract made with a contractor performing such a contract if the products or services to be furnished under the subcontract are for the benefit of the United States. The term "Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive" when applied to a contract of the kind referred to in clause (a) of this paragraph, includes all such contracts which, although entered into during such period, were originally not enforceable, but which have been or may become enforceable by reason of subsequent validation in pursuance of law;

"Military or naval forces of the United States." The term "military or naval forces of the United States" includes the Marine Corps, the Coast Guard, the Army Nurse Corps, Female, and the Navy Nurse Corps, Female, but this shall not be deemed to exclude other units otherwise included within such term;

"Present war." The term "present war" means the war in which the United States is now engaged against the German Government.

Termination of war. For the purposes of this Act the date of the termination of the present war shall be fixed by proclamation of the President.

INCOME TAX.

## TITLE II.—INCOME TAX.

General provisions.

### PART I.—GENERAL PROVISIONS.

#### DEFINITIONS.

Meaning of terms. SEC. 200. That when used in this title—

"Taxable year." "Fiscal year." First taxable year. The term "taxable year" means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or section 232. The term "fiscal year" means an accounting period of twelve months ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1918, shall be the calendar year 1918 or any fiscal year ending during the calendar year 1918;

"Fiduciary." The term "fiduciary" means a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person, trust or estate;

INCOME TAX. "Withholding agent."

The term "withholding agent" means any person required to deduct and withhold any tax under the provisions of section 221 or section 237;

"Personal service corporation."

The term "personal service corporation" means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include any foreign corporation, nor any corporation 50 per centum or more of whose gross income consists either (1) of gains, profits or income derived from trading as a principal, or (2) of gains, profits, commissions, or other income, derived from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive;

Exclusions.

"Paid or incurred," and "paid or accrued." Applied to deductions or credits.

The term "paid," for the purposes of the deductions and credits under this title, means "paid or accrued" or "paid or incurred," and the terms "paid or incurred" and "paid or accrued" shall be construed according to the method of accounting upon the basis of which the net income is computed under section 212.

DIVIDENDS.

Dividends.

Distributions of earnings of corporations accumulated since February 28, 1913.

SEC. 201. (a) That the term "dividend" when used in this title (except in paragraph (10) of subdivision (a) of section 234) means (1) any distribution made by a corporation, other than a personal service corporation, to its shareholders or members, whether in cash or in other property or in stock of the corporation, out of its earnings or profits accumulated since February 28, 1913, or (2) any such distribution made by a personal service corporation out of its earnings or profits accumulated since February 28, 1913, and prior to January 1, 1918.

Deemed from earnings.

(b) Any distribution shall be deemed to have been made from earnings or profits unless all earnings and profits have first been distributed. Any distribution made in the year 1918 or any year thereafter shall be deemed to have been made from earnings or profits accumulated since February 28, 1913, or, in the case of a personal service corporation, from the most recently accumulated earnings or profits; but any earnings or profits accumulated prior to March 1, 1913, may be distributed in stock dividends or otherwise, exempt from the tax, after the earnings and profits accumulated since February 28, 1913, have been distributed.

For 1918, and after, from accumulations since February 28, 1913.

Tax exemptions if prior thereto.

Stock dividends.

(c) A dividend paid in stock of the corporation shall be considered income to the amount of the earnings or profits distributed. Amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits.

Liquidation distributions.

Dividends of 1918, taxed for year earned.

(d) If any stock dividend (1) is received by a taxpayer between January 1 and November 1, 1918, both dates inclusive, or (2) is during such period bona fide authorized or declared, and entered on the books of the corporation, and is received by a taxpayer after November 1, 1918, and before the expiration of thirty days after the passage of this Act, then such dividend shall, in the manner provided in section 206, be taxed to the recipient at the rates prescribed by law for the years in which the corporation accumulated the earnings or profits from which such dividend was paid, but the dividend shall be deemed to have been paid from the most recently accumulated earnings or profits.

INCOME TAX. Division of earnings of taxable years.

(e) Any distribution made during the first sixty days of any taxable year shall be deemed to have been made from earnings or profits accumulated during preceding taxable years; but any distribution made during the remainder of the taxable year shall be deemed to have been made from earnings or profits accumulated between the close of the preceding taxable year and the date of distribution, to the extent of such earnings or profits, and if the books of the corporation do not show the amount of such earnings or profits, the earnings or profits for the accounting period within which the distribution was made shall be deemed to have been accumulated ratably during such period.

Gain or loss.

BASIS FOR DETERMINING GAIN OR LOSS.

Basis on sales, etc., of property.

SEC. 202. (a) That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—

Acquired before March 1, 1913.

(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; and

Subsequently acquired.

(2) In the case of property acquired on or after that date, the cost thereof; or the inventory value, if the inventory is made in accordance with section 203.

On exchanges of property.

For reorganizations.

(b) When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the amount of its fair market value, if any; but when in connection with the reorganization, merger, or consolidation of a corporation a person receives in place of stock or securities owned by him new stock or securities of no greater aggregate par or face value, no gain or loss shall be deemed to occur from the exchange, and the new stock or securities received shall be treated as taking the place of the stock, securities, or property exchanged.

Gain when value of new, exceeds that of exchanged stocks, etc.

When in the case of any such reorganization, merger or consolidation the aggregate par or face value of the new stock or securities received is in excess of the aggregate par or face value of the stock or securities exchanged, a like amount in par or face value of the new stock or securities received shall be treated as taking the place of the stock or securities exchanged, and the amount of the excess in par or face value shall be treated as a gain to the extent that the fair market value of the new stock or securities is greater than the cost (or if acquired prior to March 1, 1913, the fair market value as of that date) of the stock or securities exchanged.

Inventories.

INVENTORIES.

Use of, to determine income.

SEC. 203. That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

Net losses.

NET LOSSES.

In regular business.

On sales of plants for war facilities, etc.

SEC. 204. (a) That as used in this section the term "net loss" refers only to net losses resulting from either (1) the operation of any business regularly carried on by the taxpayer, or (2) the bona fide sale by the taxpayer of plant, buildings, machinery, equipment or other facilities, constructed, installed or acquired by the taxpayer on or after April 6, 1917, for the production of articles contributing

INCOME TAX. Method of determining.

to the prosecution of the present war; and when so resulting means the excess of the deductions allowed by law (excluding in the case of corporations amounts allowed as a deduction under paragraph (6) of subdivision (a) of section 234) over the sum of the gross income plus any interest received free from taxation both under this title and under Title III.

Allowance, if ascertained between October 31, 1918, and January 1, 1920.

(b) If for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount of such net loss shall under regulations prescribed by the Commissioner with the approval of the Secretary be deducted from the net income of the taxpayer for the preceding taxable year; and the taxes imposed by this title and by Title III for such preceding taxable year shall be redetermined accordingly. Any amount found to be due to the taxpayer upon the basis of such redetermination shall be credited or refunded to the taxpayer in accordance with the provisions of section 252. If such net loss is in excess of the net income for such preceding taxable year, the amount of such excess shall under regulations prescribed by the Commissioner with the approval of the Secretary be allowed as a deduction in computing the net income for the succeeding taxable year.

Redetermination of tax.

Credits and refunds.

Partnerships, estates, and trusts included.

(c) The benefit of this section shall be allowed to the members of a partnership and the beneficiaries of an estate or trust under regulations prescribed by the Commissioner with the approval of the Secretary.

Fiscal year with different rates.

FISCAL YEAR WITH DIFFERENT RATES.

Returns, if ending in 1918.

Proportion of former, and new, tax.

Sec. 205. (a) That if a taxpayer makes return for a fiscal year beginning in 1917 and ending in 1918, his tax under this title for the first taxable year shall be the sum of: (1) the same proportion of a tax for the entire period computed under Title I of the Revenue Act of 1916 as amended by the Revenue Act of 1917 and under Title I of the Revenue Act of 1917, which the portion of such period falling within the calendar year 1917 is of the entire period, and (2) the same proportion of a tax for the entire period computed under this title at the rates for the calendar year 1918 which the portion of such period falling within the calendar year 1918 is of the entire period: *Provided*, That in the case of a personal service corporation the amount to be paid shall be only that specified in clause (1).

*Proviso.* Personal service corporations.

Credit or refund of tax paid in excess.

Any amount heretofore or hereafter paid on account of the tax imposed for such fiscal year by Title I of the Revenue Act of 1916 as amended by the Revenue Act of 1917, and by Title I of the Revenue Act of 1917, shall be credited towards the payment of the tax imposed for such fiscal year by this act, and if the amount so paid exceeds the amount of such tax imposed by this act, or, in the case of a personal service corporation, the amount specified in clause (1), the excess shall be credited or refunded in accordance with the provisions of section 252.

If ending in 1919.

(b) If a taxpayer makes a return for a fiscal year beginning in 1918 and ending in 1919, the tax under this title for such fiscal year shall be the sum of: (1) the same proportion of a tax for the entire period computed under this title at the rates specified for the calendar year 1918 which the portion of such period falling within the calendar year 1918 is of the entire period, and (2) the same proportion of a tax for the entire period computed under this title at the rates specified for the calendar year 1919 which the portion of such period falling within the calendar year 1919 is of the entire period.

Proportion of tax determined.

Partnership fiscal years of 1918, or 1919.

(c) If a fiscal year of a partnership begins in 1917 and ends in 1918 or begins in 1918 and ends in 1919, then notwithstanding the pro-

INCOME TAX.
Rates applicable to partner's share of income.

visions of subdivision (b) of section 218, (1) the rates for the calendar year during which such fiscal year begins shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year, and (2) the rates for the calendar year during which such fiscal year ends shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such calendar year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year: *Provided*, That in the case of a personal service corporation with respect to a fiscal year beginning in 1917 and ending in 1918, the amount specified in clause (1) shall not be subject to normal tax.

*Proviso.*
Personal service corporations.
Exception for 1917.

Parts of income at different rates.

PARTS OF INCOME SUBJECT TO RATES FOR DIFFERENT YEARS.

Assignment to year applicable.

SEC. 206. That whenever parts of a taxpayer's income are subject to rates for different calendar years, the part subject to the rates for the most recent calendar year shall be placed in the lower brackets of the rate schedule provided in this title, the part subject to the rates for the next preceding calendar year shall be placed in the next higher brackets of the rate schedule applicable to that year, and so on until the entire net income has been accounted for. In determining the income, any deductions, exemptions or credits of a kind not plainly and properly chargeable against the income taxable at rates for a preceding year shall first be applied against the income subject to rates for the most recent calendar year; but any balance thereof shall be applied against the income subject to the rates of the next preceding year or years until fully allowed.

Application of deductions, etc.

Individuals.

## PART II.—INDIVIDUALS.

Normal tax.

### NORMAL TAX.

New rates imposed.
Vol. 39, p. 756.
*Ante*, p. 300.

SEC. 210. That, in lieu of the taxes imposed by subdivision (a) of section 1 of the Revenue Act of 1916 and by section 1 of the Revenue Act of 1917, there shall be levied, collected, and paid for each taxable year upon the net income of every individual a normal tax at the following rates:

For 1918.

(a) For the calendar year 1918, 12 per centum of the amount of the net income in excess of the credits provided in section 216: *Provided*, That in the case of a citizen or resident of the United States the rate upon the first $4,000 of such excess amount shall be 6 per centum;

*Proviso.*
First $4,000, of citizens, etc.

Thereafter.

(b) For each calendar year thereafter, 8 per centum of the amount of the net income in excess of the credits provided in section 216: *Provided*, That in the case of a citizen or resident of the United States the rate upon the first $4,000 of such excess amount shall be 4 per centum.

*Proviso.*
First $4,000.

Surtax.

### SURTAX.

New rates on incomes over $5,000, in addition to normal tax.
Vol. 39, p. 756.
*Ante*, p. 301.

SEC. 211. (a) That, in lieu of the taxes imposed by subdivision (b) of section 1 of the Revenue Act of 1916 and by section 2 of the Revenue Act of 1917, but in addition to the normal tax imposed by section 210 of this Act, there shall be levied, collected, and paid for each taxable year upon the net income of every individual, a surtax equal to the sum of the following:

Rates.

1 per centum of the amount by which the net income exceeds $5,000 and does not exceed $6,000;

INCOME TAX.
Surtax—Continued.

2 per centum of the amount by which the net income exceeds $6,000 and does not exceed $8,000;

3 per centum of the amount by which the net income exceeds $8,000 and does not exceed $10,000;

4 per centum of the amount by which the net income exceeds $10,000 and does not exceed $12,000;

5 per centum of the amount by which the net income exceeds $12,000 and does not exceed $14,000;

6 per centum of the amount by which the net income exceeds $14,000 and does not exceed $16,000;

7 per centum of the amount by which the net income exceeds $16,000 and does not exceed $18,000;

8 per centum of the amount by which the net income exceeds $18,000 and does not exceed $20,000;

9 per centum of the amount by which the net income exceeds $20,000 and does not exceed $22,000;

10 per centum of the amount by which the net income exceeds $22,000 and does not exceed $24,000;

11 per centum of the amount by which the net income exceeds $24,000 and does not exceed $26,000;

12 per centum of the amount by which the net income exceeds $26,000 and does not exceed $28,000;

13 per centum of the amount by which the net income exceeds $28,000 and does not exceed $30,000;

14 per centum of the amount by which the net income exceeds $30,000 and does not exceed $32,000;

15 per centum of the amount by which the net income exceeds $32,000 and does not exceed $34,000;

16 per centum of the amount by which the net income exceeds $34,000 and does not exceed $36,000;

17 per centum of the amount by which the net income exceeds $36,000 and does not exceed $38,000;

18 per centum of the amount by which the net income exceeds $38,000 and does not exceed $40,000;

19 per centum of the amount by which the net income exceeds $40,000 and does not exceed $42,000;

20 per centum of the amount by which the net income exceeds $42,000 and does not exceed $44,000;

21 per centum of the amount by which the net income exceeds $44,000 and does not exceed $46,000;

22 per centum of the amount by which the net income exceeds $46,000 and does not exceed $48,000;

23 per centum of the amount by which the net income exceeds $48,000 and does not exceed $50,000;

24 per centum of the amount by which the net income exceeds $50,000 and does not exceed $52,000;

25 per centum of the amount by which the net income exceeds $52,000 and does not exceed $54,000;

26 per centum of the amount by which the net income exceeds $54,000 and does not exceed $56,000;

27 per centum of the amount by which the net income exceeds $56,000 and does not exceed $58,000;

28 per centum of the amount by which the net income exceeds $58,000 and does not exceed $60,000;

29 per centum of the amount by which the net income exceeds $60,000 and does not exceed $62,000;

30 per centum of the amount by which the net income exceeds $62,000 and does not exceed $64,000;

31 per centum of the amount by which the net income exceeds $64,000 and does not exceed $66,000;

INCOME TAX. Surtax—Continued.

32 per centum of the amount by which the net income exceeds $66,000 and does not exceed $68,000;

33 per centum of the amount by which the net income exceeds $68,000 and does not exceed $70,000;

34 per centum of the amount by which the net income exceeds $70,000 and does not exceed $72,000;

35 per centum of the amount by which the net income exceeds $72,000 and does not exceed $74,000;

36 per centum of the amount by which the net income exceeds $74,000 and does not exceed $76,000;

37 per centum of the amount by which the net income exceeds $76,000 and does not exceed $78,000;

38 per centum of the amount by which the net income exceeds $78,000 and does not exceed $80,000;

39 per centum of the amount by which the net income exceeds $80,000 and does not exceed $82,000;

40 per centum of the amount by which the net income exceeds $82,000 and does not exceed $84,000;

41 per centum of the amount by which the net income exceeds $84,000 and does not exceed $86,000;

42 per centum of the amount by which the net income exceeds $86,000 and does not exceed $88,000;

43 per centum of the amount by which the net income exceeds $88,000 and does not exceed $90,000;

44 per centum of the amount by which the net income exceeds $90,000 and does not exceed $92,000;

45 per centum of the amount by which the net income exceeds $92,000 and does not exceed $94,000;

46 per centum of the amount by which the net income exceeds $94,000 and does not exceed $96,000;

47 per centum of the amount by which the net income exceeds $96,000 and does not exceed $98,000;

48 per centum of the amount by which the net income exceeds $98,000 and does not exceed $100,000;

52 per centum of the amount by which the net income exceeds $100,000 and does not exceed $150,000;

56 per centum of the amount by which the net income exceeds $150,000 and does not exceed $200,000;

60 per centum of the amount by which the net income exceeds $200,000 and does not exceed $300,000;

63 per centum of the amount by which the net income exceeds $300,000 and does not exceed $500,000;

64 per centum of the amount by which the net income exceeds $500,000 and does not exceed $1,000,000;

65 per centum of the amount by which the net income exceeds $1,000,000.

Mines, oil or gas wells.
Maximum tax on sales of, developed, etc., by taxpayer.

(b) In the case of a bona fide sale of mines, oil or gas wells, or any interest therein, where the principal value of the property has been demonstrated by prospecting or exploration and discovery work done by the taxpayer, the portion of the tax imposed by this section attributable to such sale shall not exceed 20 per centum of the selling price of such property or interest.

Net income.

NET INCOME DEFINED.

Deductions from gross income constituting.
*Post*, p. 1066.

SEC. 212. (a) That in the case of an individual the term "net income" means the gross income as defined in section 213, less the deductions allowed by section 214.

Basis of computing.

(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly

INCOME TAX.

employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

If taxpayer change accounting period.

If a taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 226.

GROSS INCOME DEFINED.

*Gross income.*

Sources included. *Post*, p. 1077.

SEC. 213. That for the purposes of this title (except as otherwise provided in section 233) the term "gross income"—

From personal salaries, etc. Federal officers, etc., included.

(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including in the case of the President of the United States, the judges of the Supreme and inferior courts of the United States, and all other officers and employees, whether elected or appointed, of the United States, Alaska, Hawaii, or any political subdivision thereof, or the District of Columbia, the compensation received as such), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period; but

Professions, trades, business, etc.

Interest, rent, dividends, etc.

Included in taxable year received.

Exclusions.

(b) Does not include the following items, which shall be exempt from taxation under this title:

From life insurance policies.

(1) The proceeds of life insurance policies paid upon the death of the insured to individual beneficiaries or to the estate of the insured;

Returns from insurance contracts.

(2) The amount received by the insured as a return of premium or premiums paid by him under life insurance, endowment, or annuity contracts, either during the term or at the maturity of the term mentioned in the contract or upon surrender of the contract;

Gifts, bequests, etc.

(3) The value of property acquired by gift, bequest, devise, or descent (but the income from such property shall be included in gross income);

Interest on State, etc., debts. Farm loan bonds. Vol. 39, p. 375. Government or War Finance Corporation bonds. *Proviso.* Returns required.

(4) Interest upon (a) the obligations of a State, Territory, or any political subdivision thereof, or the District of Columbia; or (b) securities issued under the provisions of the Federal Farm Loan Act of July 17, 1916; or (c) the obligations of the United States or its possessions; or (d) bonds issued by the War Finance Corporation: *Provided*, That every person owning any of the obligations, securities or bonds enumerated in clauses (a), (b), (c) and (d) shall, in the return required by this title, submit a statement showing the number and amount of such obligations, securities and bonds owned by him and the income received therefrom, in such form and with such information as the Commissioner may require. In the case of obligations of the United States issued after September 1, 1917, and in the case of bonds issued by the War Finance

*Limitation on Federal securities issued after September 1, 1917, etc.*

INCOME TAX.

Corporation, the interest shall be exempt only if and to the extent provided in the respective Acts authorizing the issue thereof as amended and supplemented, and shall be excluded from gross income only if and to the extent it is wholly exempt from taxation to the taxpayer both under this title and under Title III;

*Post*, p. 1088.

Foreign governments, on amounts from American securities.

(5) The income of foreign governments received from investments in the United States in stocks, bonds, or other domestic securities, owned by such foreign governments, or from interest on deposits in banks in the United States of moneys belonging to such foreign governments, or from any other source within the United States;

Personal injury payments.

(6) Amounts received, through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness;

By States, etc., from public utilities.

(7) Income derived from any public utility or the exercise of any essential governmental function and accruing to any State, Territory, or the District of Columbia, or any political subdivision of a State or Territory, or income accruing to the government of any possession of the United States, or any political subdivision thereof.

Under prior contract for operation, etc.

Whenever any State, Territory, or the District of Columbia, or any political subdivision of a State or Territory, prior to September 8, 1916, entered in good faith into a contract with any person, the object and purpose of which is to acquire, construct, operate, or maintain a public utility, no tax shall be levied under the provisions of this title upon the income derived from the operation of such public utility, so far as the payment thereof will impose a loss or burden upon such State, Territory, District of Columbia, or political subdivision; but this provision is not intended to confer upon such person any financial gain or exemption or to relieve such person from the payment of a tax as provided for in this title upon the part or portion of such income to which such person is entitled under such contract;

No personal exemption.

Persons in war service.

Limit.

(8) So much of the amount received during the present war by a person in the military or naval forces of the United States as salary or compensation in any form from the United States for active services in such forces, as does not exceed $3,500.

Nonresident aliens. Only from United States sources.

(c) In the case of nonresident alien individuals, gross income includes only the gross income from sources within the United States, including interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, dividends from resident corporations, and including all amounts received (although paid under a contract for the sale of goods or otherwise) representing profits on the manufacture and disposition of goods within the United States.

Deductions allowed

## DEDUCTIONS ALLOWED.

O... specified.

Sec. 214. (a) That in computing net income there shall be allowed as deductions:

...usiness expenses.

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity;

Interest on debts.

Exception.

(2) All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917), the interest upon which is

INCOME TAX.

wholly exempt from taxation under this title as income to the taxpayer, or, in the case of a nonresident alien individual, the proportion of such interest which the amount of his gross income from sources within the United States bears to the amount of his gross income from all sources within and without the United States;

Domestic taxes.
Exceptions.

(3) Taxes paid or accrued within the taxable year imposed (a) by the authority of the United States, except income, war-profits and excess-profits taxes; or (b) by the authority of any of its possessions, except the amount of income, war-profits and excess-profits taxes allowed as a credit under section 222; or (c) by the authority of any State or Territory, or any county, school district, municipality, or other taxing subdivision of any State or Territory, not including those assessed against local benefits of a kind tending to increase the value of the property assessed; or (d) in the case of a citizen or resident of the United States, by the authority of any foreign country, except the amount of income, war-profits and excess-profits taxes allowed as a credit under section 222; or (e) in the case of a nonresident alien individual, by the authority of any foreign country (except income, war-profits and excess-profits taxes, and taxes assessed against local benefits of a kind tending to increase the value of the property assessed), upon property or business;

Foreign taxes.
By citizens or residents.
By nonresident aliens.

Business losses.

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

Losses not connected with business.

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; but in the case of a nonresident alien individual only as to such transactions within the United States;

Casualty losses not connected with business.

(6) Losses sustained during the taxable year of property not connected with the trade or business (but in the case of a nonresident alien individual only property within the United States) if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise;

Worthless debts.

(7) Debts ascertained to be worthless and charged off within the taxable year;

Exhaustion of business property.

(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence;

Amortization of cost of plants, vessels, etc., for war uses.

(9) In the case of buildings, machinery, equipment, or other facilities, constructed, erected, installed, or acquired, on or after April 6, 1917, for the production of articles contributing to the prosecution of the present war, and in the case of vessels constructed or acquired on or after such date for the transportation of articles or men contributing to the prosecution of the present war, there shall be allowed a reasonable deduction for the amortization of such part of the cost of such facilities or vessels as has been borne by the taxpayer, but not again including any amount otherwise allowed under this title or previous Acts of Congress as a deduction in computing net income. At any time within three years after the termination of the present war, the Commissioner may, and at the request of the taxpayer shall, reexamine the return, and if he then finds as a result of an appraisal or from other evidence that the deduction originally allowed was incorrect, the taxes imposed by this title and by Title III for the year or years affected shall be redetermined; and the amount of tax due upon such redetermination, if any, shall be paid upon notice and demand by the collector, or the amount of tax overpaid, if any, shall be credited or refunded to the taxpayer in accordance with the provisions of section 252;

Limit.
Redetermination, etc., of tax within three years.
Credit, etc., of overpayments.
*Post*, p. 1085.

Mines, oil wells, timber, etc.
Allowance for depletion, depreciation, etc.

(10) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case,

**CHAP. 136.**—An Act To reduce and equalize taxation, to provide revenue, and for other purposes

November 23, 1921. [H. R. 8245.] [Public, No. 98.]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Revenue Act of 1921.

## TITLE I.—GENERAL DEFINITIONS.

General definitions.

SECTION 1. That this Act may be cited as the "Revenue Act of 1921."

Title of Act.

SEC. 2. That when used in this Act—

(1) The term "person" includes partnerships and corporations, as well as individuals; "Person."

(2) The term "corporation" includes associations, joint-stock companies, and insurance companies; "Corporation."

(3) The term "domestic" when applied to a corporation or partnership means created or organized in the United States; "Domestic."

(4) The term "foreign" when applied to a corporation or partnership means created or organized outside the United States; "Foreign."

(5) The term "United States" when used in a geographical sense includes only the States, the Territories of Alaska and Hawaii, and the District of Columbia; "United States."

(6) The term "Secretary" means the Secretary of the Treasury; "Secretary."

(7) The term "Commissioner" means the Commissioner of Internal Revenue; "Commissioner."

(8) The term "collector" means collector of internal revenue; "Collector."

(9) The term "taxpayer" includes any person, trust or estate subject to a tax imposed by this Act; "Taxpayer."

(10) The term "military or naval forces of the United States" includes the Marine Corps, the Coast Guard, the Army Nurse Corps, Female, and the Navy Nurse Corps, Female, but this shall not be deemed to exclude other units otherwise included within such terms; and

"Military or naval forces of the United States."

(11) The term "Government contract" means (a) a contract made with the United States, or with any department, bureau, officer, commission, board, or agency, under the United States and acting in its behalf, or with any agency controlled by any of the above if the contract is for the benefit of the United States, or (b) a subcontract made with a contractor performing such a contract if the products or services to be furnished under the subcontract are for the benefit of the United States. The term "Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive" when applied to a contract of the kind referred to in clause (a) of this subdivision, includes all such contracts which, although entered into during such period, were originally not enforceable, but which have been or may become enforceable by reason of subsequent validation in pursuance of law.

"Government contract." With United States or agency thereof. Subcontracts. Made between April 6, 1917, and November 11, 1918. Subsequently validated. *Post*, p. 856.

## TITLE II.—INCOME TAX.

INCOME TAX.

### PART I.—GENERAL PROVISIONS.

General provisions. Vol. 40, pp. 1058–1062.

#### DEFINITIONS.

SEC. 200. That when used in this title—

Meaning of terms.

(1) The term "taxable year" means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or section 232. The term "fiscal year" means an accounting period of twelve months ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1921, shall be the

"Taxable year." "Fiscal year." First taxable year.

INCOME TAX

calendar year 1921 or any fiscal year ending during the calendar year 1921;

"Fiduciary."

(2) The term "fiduciary" means a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person, trust or estate;

"Withholding agent."

(3) The term "withholding agent" means any person required to deduct and withhold any tax under the provisions of section 221 or section 237;

"Paid."
Application of, accrued or incurred, to deductions and credits.

(4) The term "paid," for the purposes of the deductions and credits under this title, means "paid or accrued" or "paid or incurred," and the terms "paid or incurred" and "paid or accrued" shall be construed according to the method of accounting upon the basis of which the net income is computed under section 212; and

"Personal service corporations."

(5) The term "personal service corporation" means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include any foreign corporation, nor any corporation 50 per centum or more of whose gross income consists either (1) of gains, profits, or income derived from trading as a principal, or (2) of gains, profits, commissions, or other income, derived from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive.

Exclusions.

Dividends

DIVIDENDS.

Distribution of corporation earnings accumulated since February 28, 1913, deemed.

Sec. 201. (a) That the term "dividend" when used in this title (except in paragraph (10) of subdivision (a) of section 234 and paragraph (4) of subdivision (a) of section 245) means any distribution made by a corporation to its shareholders or members, whether in cash or in other property, out of its earnings or profits accumulated since February 28, 1913, except a distribution made by a personal service corporation out of earnings or profits accumulated since December 31, 1917, and prior to January 1, 1922.

By personal service corporations since December 31, 1917, excepted.

For taxation, deemed as from February 28, 1913.
Prior earnings exempt.

(b) For the purposes of this Act every distribution is made out of earnings or profits, and from the most recently accumulated earnings or profits, to the extent of such earnings or profits accumulated since February 28, 1913; but any earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, may be distributed exempt from the tax, after the earnings and profits accumulated since February 28, 1913, have been distributed. If any such tax-free distribution has been made the distributee shall not be allowed as a deduction from gross income any loss sustained from the sale or other disposition of his stock or shares unless, and then only to the extent that, the basis provided in section 202 exceeds the sum of (1) the amount realized from the sale or other disposition of such stock or shares, and (2) the aggregate amount of such distributions received by him thereon.

Allowance for loss on exempted stock distributions.

Application of other distribution of earnings.

(c) Any distribution (whether in cash or other property) made by a corporation to its shareholders or members otherwise than out of (1) earnings or profits accumulated since February 28, 1913, or (2) earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, shall be applied against and reduce the basis provided in section 202 for the purpose of ascertaining the gain derived or the loss sustained from the sale or other disposition of the stock or shares by the distributee.

Stock dividends not taxable.
Proceeds of redeemed stock treated as taxable dividends.

(d) A stock dividend shall not be subject to tax but if after the distribution of any such dividend the corporation proceeds to cancel or redeem its stock at such time and in such manner as to make the

INCOME TAX.

distribution and cancellation or redemption essentially equivalent to the distribution of a taxable dividend, the amount received in redemption or cancellation of the stock shall be treated as a taxable dividend to the extent of the earnings or profits accumulated by such corporation after February 28, 1913.

Included in gross income of distributees.

(e) For the purposes of this Act, a taxable distribution made by a corporation to its shareholders or members shall be included in the gross income of the distributees as of the date when the cash or other property is unqualifiedly made subject to their demands.

Division of earnings to taxable years

(f) Any distribution made during the first sixty days of any taxable year shall be deemed to have been made from earnings or profits accumulated during preceding taxable years; but any distribution made during the remainder of the taxable year shall be deemed to have been made from earnings or profits accumulated between the close of the preceding taxable year and the date of distribution, to the extent of such earnings or profits, and if the books of the corporation do not show the amount of such earnings or profits, the earnings or profits for the accounting period within which the distribution was made shall be deemed to have been accumulated ratably during such period. This subdivision shall not be in effect after December 31, 1921.

Not effective after December 31, 1921

BASIS FOR DETERMINING GAIN OR LOSS.

Gain or loss

On sales, etc, of property acquired after February 28, 1913, based on cost.

SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

Exceptions

Inventory value used

(1) In the case of such property, which should be included in the inventory, the basis shall be the last inventory value thereof;

Gifts after December 31, 1920, based on value in hands of donor

(2) In the case of such property, acquired by gift after December 31, 1920, the basis shall be the same as that which it would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner. In the case of such property acquired by gift on or before December 31, 1920, the basis for ascertaining gain or loss from a sale or other disposition thereof shall be the fair market price or value of such property at the time of such acquisition;

Ascertainment.

Market value when acquired, if before December 31, 1920.

Bequests, etc, based on market values

Applicable to exchanges.

(3) In the case of such property, acquired by bequest, devise, or inheritance, the basis shall be the fair market price or value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402.

*Post*, pp. 278, 279.

Property acquired before March 1, 1913, on same basis

(b) The basis for ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March 1, 1913, shall be the same as that provided by subdivision (a); but—

If price in excess of cost.

(1) If its fair market price or value as of March 1, 1913, is in excess of such basis, the gain to be included in the gross income shall be the excess of the amount realized therefor over such fair market price or value;

If price lower than cost

(2) If its fair market price or value as of March 1, 1913, is lower than such basis, the deductible loss is the excess of the fair market price or value as of March 1, 1913, over the amount realized therefor; and

INCOME TAX.
If market price March 1, 1913, received

(3) If the amount realized therefor is more than such basis but not more than its fair market price or value as of March 1, 1913, or less than such basis but not less than such fair market price or value, no gain shall be included in and no loss deducted from the gross income.

Exchanges of property.
When no gain or loss recognized

(c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—

If for similar property
*Post*, p. 1560.

(1) When any such property held for investment, or for productive use in trade or business (not including stock-in-trade or other property held primarily for sale), is exchanged for property of a like kind or use;

When stock, etc., received on reorganization

"Reorganization" construed.

(2) When in the reorganization of one or more corporations a person receives in place of any stock or securities owned by him, stock or securities in a corporation a party to or resulting from such reorganization. The word "reorganization," as used in this paragraph, includes a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or of substantially all the properties of another corporation), recapitalization, or mere change in identity, form, or place of organization of a corporation, (however effected); or

If in control of corporation to which transferred.

(3) When (A) a person transfers any property, real, personal or mixed, to a corporation, and immediately after the transfer is in control of such corporation, or (B) two or more persons transfer any such property to a corporation, and immediately after the transfer are in control of such corporation, and the amounts of stock, securities, or both, received by such persons are in substantially the same proportion as their interests in the property before such transfer. For the purposes of this paragraph, a person is, or two or more persons are, "in control" of a corporation when owning at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

Property considered same as that for which exchanged

Exceptions
*Infra*

(d) (1) Where property is exchanged for other property and no gain or loss is recognized under the provisions of subdivision (c), the property received shall, for the purposes of this section, be treated as taking the place of the property exchanged therefor, except as provided in subdivision (e);

Proceeds of involuntary conversions.
*Post*, pp 241, 257.

(2) Where property is compulsorily or involuntarily converted into cash or its equivalent in the manner described in paragraph (12) of subdivision (a) of section 214 and paragraph (14) of subdivision (a) of section 234, and the taxpayer proceeds in good faith to expend or set aside the proceeds of such conversion in the form and in the manner therein provided, the property acquired shall, for the purpose of this section, be treated as taking the place of a like proportion of the property converted;

On exchange of securities.
*Post*, pp 240, 255

(3) Where no deduction is allowed for a loss or a part thereof under the provisions of paragraph (5) of subdivision (a) of section 214 and paragraph (4) of subdivision (a) of section 234, that part of the property acquired with relation to which such loss is disallowed shall for the purposes of this section be treated as taking the place of the property sold or disposed of.

If of no value and included with property of value.
Taxed on excess of basis.
*Post*, p 1560.

(e) Where property is exchanged for other property which has no readily realizable market value, together with money or other property which has a readily realizable market value, then the money or the fair market value of the property having such readily realizable market value received in exchange shall be applied against and reduce the basis, provided in this section, of the property exchanged,

INCOME TAX.

If other than similar property received.

and if in excess of such basis, shall be taxable to the extent of the excess; but when property is exchanged for property specified in paragraphs (1), (2), and (3) of subdivision (c) as received in exchange, together with money or other property of a readily realizable market value other than that specified in such paragraphs, the money or the fair market value of such other property received in exchange shall be applied against and reduce the basis, provided in this section, of the property exchanged, and if in excess of such basis, shall be taxable to the extent of the excess.

Tax on installment payments.

(f) Nothing in this section shall be construed to prevent (in the case of property sold under contract providing for payment in installments) the taxation of that portion of any installment payment representing gain or profit in the year in which such payment is received.

INVENTORIES.

Inventories.

Use of, in determining incomes.

SEC. 203. That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

NET LOSSES.

Net losses

In regular business.

Method of determining.

*Post*, pp. 239, 254.

SEC. 204. (a) That as used in this section the term "net loss" means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business); and when so resulting means the excess of the deductions allowed by section 214 or 234, as the case may be, over the sum of the following: (1) the gross income of the taxpayer for the taxable year, (2) the amount by which the interest received free from taxation under this title exceeds so much of the interest paid or accrued within the taxable year on indebtedness as is not permitted to be deducted by paragraph (2) of subdivision (a) of section 214 or by paragraph (2) of subdivision (a) of section 234, (3) the amount by which the deductible losses not sustained in such trade or business exceed the taxable gains or profits not derived from such trade or business, (4) amounts received as dividends and allowed as a deduction under paragraph (6) of subdivision (a) of section 234, and (5) so much of the depletion deduction allowed with respect to any mine, oil or gas well as is based upon discovery value in lieu of cost.

Allowance to be deducted from succeeding taxable years

(b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

Partnership, estate or trust beneficiaries, and insurance companies included

*Post*, pp 261, 262.

(c) The benefit of this section shall be allowed to the members of a partnership and the beneficiaries of an estate or trust, and to insurance companies subject to the tax imposed by section 243 or 246, under regulations prescribed by the Commissioner with the approval of the Secretary.

Allowance for fiscal year ending in 1921.

(d) If it appears, upon the production of evidence satisfactory to the Commissioner, that a taxpayer having a fiscal year beginning in

Treasury Regulations (26 C.F.R.):

§ 1.446-1(1996) General rule for methods of accounting.

(e) Requirement respecting the adoption or change of accounting method.

(1) A taxpayer filing his first return may adopt any permissible method of accounting in computing taxable income for the taxable year covered by such return. See section 446(c) and paragraph (c) of this section for permissible methods. Moreover, a taxpayer may adopt any permissible method of accounting in connection with each separate and distinct trade or business, the income from which is reported for the first time. See section 446(d) and paragraph (d) of this section. See also section 446(a) and paragraph (a) of this section.

(2)

(i) Except as otherwise expressly provided in chapter 1 of the Code and the regulations thereunder, a taxpayer who changes the method of accounting employed in keeping his books shall, before computing his income upon such new method for purposes of taxation, secure the consent of the Commissioner. Consent must be secured whether or not such method is proper or is permitted under the Internal Revenue Code or the regulations thereunder.

(ii)

(a) A change in the method of accounting includes a change in the overall plan of accounting for gross income or deductions or a change in the treatment of any material item used in such overall plan. Although a method of accounting may exist under this definition without the necessity of a pattern of consistent treatment of an item, in most instances a method of accounting is not established for an item without such consistent treatment. A material item is any item which involves the proper time for the inclusion of the item in income or the taking of a deduction. Changes in method of accounting include a change from the cash receipts and disbursement method to an accrual method, or vice versa, a change involving the method or basis used in the valuation of inventories (see sections 471 and 472 and the regulations thereunder), a change from the cash or accrual method to a long-term contract method, or vice versa (see s 1.451-3), a change involving the adoption, use or discontinuance of any other specialized method of computing taxable income, such as the crop method, and a change where the Internal Revenue Code and regulations thereunder specifically require that the consent of the Commissioner must be obtained before adopting such a change.

(b) A change in method of accounting does not include correction of mathematical or posting errors, or errors in the computation of tax liability (such as errors in computation of the foreign tax credit, net operating loss, percentage depletion or investment credit). Also, a change in method of

accounting does not include adjustment of any item of income or deduction

which does not involve the proper time for the inclusion of the item of income or the taking of a deduction. For example, corrections of items that are deducted as interest or salary, but which are in fact payments of dividends, and of items that are deducted as business expenses, but which are in fact personal expenses, are not changes in method of accounting. In addition, a change in the method of accounting does not include an adjustment with respect to the addition to a reserve for bad debts or an adjustment in the useful life of a depreciable asset. Although such adjustments may involve the question of the proper time for the taking of a deduction, such items are traditionally corrected by adjustments in the current and future years. For the treatment of the adjustment of the addition to a bad debt reserve, see the regulations under section 166 of the Code; for the treatment of a change in the useful life of a depreciable asset, see the regulations under section 167(b) of the Code. A change in the method of accounting also does not include a change in treatment resulting from a change in underlying facts. On the other hand, for example, a correction to require depreciation in lieu of a deduction for the cost of a class of depreciable assets which has been consistently treated as an expense in the year of purchase involves the question of the proper timing of an item, and is to be treated as a change in method of accounting.

(c) A change in an overall plan or system of identifying or valuing items in inventory is a change in method of accounting. Also a change in the treatment of any material item used in the overall plan for identifying or valuing items in inventory is a change in method of accounting.

(iii) A change in the method of accounting may be illustrated by the following examples:

. . . .

Example (6). A taxpayer in the manufacturing business has for many taxable years valued its inventories at cost. However, cost has been improperly computed since no overhead costs have been included in valuing the inventories at cost. The failure to allocate an appropriate portion of overhead to the value of inventories is contrary to the requirement of the Internal Revenue Code and the regulations thereunder. A change requiring appropriate allocation of overhead is a change in method of accounting because it involves a change in the treatment of a material item used in the overall practice of identifying or valuing items in inventory.

Example (7). A taxpayer has for many taxable years valued certain inventories by a method which provides for deducting 20 percent of the cost of the inventory items in determining the final inventory valuation. The 20 percent adjustment is taken as a "reserve for price changes." Although this method is not a proper method of valuing inventories under the Internal Revenue Code

or the regulations thereunder, it involves the treatment of a material item used in the overall practice of valuing inventory. A change in such practice or procedure is a change of method of accounting for inventories.

Example (8). A taxpayer has always used a base stock system of accounting for inventories. Under this system a constant price is applied to an assumed constant normal quantity of goods in stock. The base stock system is an overall plan of accounting for inventories which is not recognized as a proper method of accounting for inventories under the regulations. A change in this practice is, nevertheless, a change of method of accounting for inventories.

. . . .

§ 1.446-1 (2006) General rule for methods of accounting.

. . . .

(e) Requirement respecting the adoption or change of accounting method.

(1) A taxpayer filing his first return may adopt any permissible method of accounting in computing taxable income for the taxable year covered by such return. See section 446(c) and paragraph (c) of this section for permissible methods. Moreover, a taxpayer may adopt any permissible method of accounting in connection with each separate and distinct trade or business, the income from which is reported for the first time. See section 446(d) and paragraph (d) of this section. See also section 446(a) and paragraph (a) of this section.

(2)

(i) Except as otherwise expressly provided in chapter 1 of the Code and the regulations thereunder, a taxpayer who changes the method of accounting employed in keeping his books shall, before computing his income upon such new method for purposes of taxation, secure the consent of the Commissioner. Consent must be secured whether or not such method is proper or is permitted under the Internal Revenue Code or the regulations thereunder.

(ii)

(a) A change in the method of accounting includes a change in the overall plan of accounting for gross income or deductions or a change in the treatment of any material item used in such overall plan. Although a method of accounting may exist under this definition without the necessity of a pattern of consistent treatment of an item, in most instances a method of accounting is not established for an item without such consistent treatment. A material item is any item that involves the proper time for the inclusion of the item in income or the taking of a deduction. Changes in method of accounting include a change from the cash receipts and disbursement method to an accrual method, or vice versa, a change involving the method or basis used in the valuation of inventories (see sections 471

and 472 and the regulations under sections 471 and 472), a change from the cash or accrual method to a long-term contract method, or vice versa (see § 1.460-4), certain changes in computing depreciation or amortization (see paragraph (e)(2)(ii)(d) of this section), a change involving the adoption, use or discontinuance of any other specialized method of computing taxable income, such as the crop method, and a change where the Internal Revenue Code and regulations under the Internal Revenue Code specifically require that the consent of the Commissioner must be obtained before adopting such a change.

(b) A change in method of accounting does not include correction of mathematical or posting errors, or errors in the computation of tax liability (such as errors in computation of the foreign tax credit, net operating loss, percentage depletion, or investment credit). Also, a change in method of accounting does not include adjustment of any item of income or deduction that does not involve the proper time for the inclusion of the item of income or the taking of a deduction. For example, corrections of items that are deducted as interest or salary, but that are in fact payments of dividends, and of items that are deducted as business expenses, but that are in fact personal expenses, are not changes in method of accounting. In addition, a change in the method of accounting does not include an adjustment with respect to the addition to a reserve for bad debts. Although such adjustment may involve the question of the proper time for the taking of a deduction, such items are traditionally corrected by adjustment in the current and future years. For the treatment of the adjustment of the addition to a bad debt reserve (for example, for banks under section 585 of the Internal Revenue Code), see the regulations under section 166 of the Internal Revenue Code. A change in the method of accounting also does not include a change in treatment resulting from a change in underlying facts. For further guidance on changes involving depreciable or amortizable assets, see paragraph (e)(2)(ii)(d) of this section and § 1.1016-3(h).

(c) A change in an overall plan or system of identifying or valuing items in inventory is a change in method of accounting. Also a change in the treatment of any material item used in the overall plan for identifying or valuing items in inventory is a change in method of accounting.

(d) Changes involving depreciable or amortizable assets--

(1) Scope. This paragraph (e)(2)(ii)(d) applies to property subject to section 167, 168, 197, 1400I, 1400L(c), to section

168 prior to its amendment by the Tax Reform Act of 1986 (100 Stat. 2121) (former section 168), or to an additional first year depreciation deduction provision of the Internal Revenue Code (for example, section 168(k), 1400L(b), or 1400N(d)).

(2) Changes in depreciation or amortization that are a change in method of accounting. Except as provided in paragraph (e)(2)(ii)(d)(3) of this section, a change in the treatment of an asset from nondepreciable or nonamortizable to depreciable or amortizable, or vice versa, is a change in method of accounting. Additionally, a correction to require depreciation or amortization in lieu of a deduction for the cost of depreciable or amortizable assets that had been consistently treated as an expense in the year of purchase, or vice versa, is a change in method of accounting. Further, except as provided in paragraph (e)(2)(ii)(d)(3) of this section, the following changes in computing depreciation or amortization are a change in method of accounting:

. . . .

(iii) Examples. The rules of this paragraph (e) are illustrated by the following examples:

. . . .

Example 18. On December 1, 2004, J, a calendar year taxpayer, purchased and placed in service 20 previously-owned adding machines. For the 2004 taxable year, J incorrectly classified the adding machines as items in its "suspense" account for financial and tax accounting purposes. Assets in this suspense account are not depreciated until reclassified to a depreciable fixed asset account. In January 2006, J realizes that the cost of the adding machines is still in the suspense account and reclassifies such cost to the appropriate depreciable fixed asset account. As a result, on its 2004 and 2005 Federal tax returns, J did not depreciate the cost of the adding machines. Pursuant to paragraph (e)(2)(ii)(d)(2) of this section, J's change in the treatment of the adding machines from nondepreciable assets to depreciable assets is a change in method of accounting. The placed-in-service date exception under paragraph (e)(2)(ii)(d)(3)(v) of this section does not apply because the adding machines were incorrectly classified in a nondepreciable suspense account. This method change results in a section 481 adjustment.

. . . .