**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HOSPITAL SERVICE ASSOCIATION OF NORTHEASTERN PENNSYLVANIA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 05-503 T<br>Judge Thomas C. Wheeler |

**APPENDIX**

**TO**

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

# Table of Contents

## Appendix

**Page**

Internal Revenue Code of 1986 (26 U.S.C.):

§ 165 ........ A-1

§ 1001 ........ A-1

§ 1011 ........ A-2

§ 1012 ........ A-2

§ 1014 ........ A-2

§ 1053 ........ A-3

§ 1231 ........ A-3

§ 7806 ........ A-4

Deficit Reduction Act of 1984, H.R. 4170, 98th Congress, P.L. 98-369, § 177(d)(2), 98 Stat. at 709-12 (1984) ........ A-5

Income Tax Law of 1913 § II.D., P.L. 63-16, 38 Stat. 114, 166 (1913) ........ A-9

Revenue Act of 1916 §§ 2(c), 5(a), P.L. 64-171, 39 Stat. 756, 758-59 (1915) ........ A-11

Revenue Act of 1918 §§ 202(a)(1), 214(a)(5), P.L. 65-254, 40 Stat. 1057, 1060, 1067 (1919) ........ A-14

Revenue Act of 1921 § 202(b), P.L. 67-98, 42 Stat. 227, 229-30 (1921) ........ A-17

Revenue Act of 1924 § 204(b), P.L. 68-176, 43 Stat. 253, 259-60 (1924) ........ A-19

Revenue Act of 1934 § 113(a)(14), P.L. 73-216, 48 Stat. 680, 708-09 (1934) ........ A-22

Tax Reform Act of 1986, P.L. 99-514, § 1012, 100 Stat. 2085, 2390 (1986) ........ A-26

H.R. Conf. Rep. 179, 68th Cong. 1st Sess. at 18 (1924) ........ A-31

H.R. Conf. Rep. 704, 73d Cong. 2d Sess. at 28-29 (1933) ........ A-35

H.R. Conf. Rep. 814, 99th Cong. 2d Sess. Vol. II (1986), *reprinted in* 1986 U.S.C.C.A.N. 4075 ........ A-37

S. Rep. 398, 68th Cong. 1st Sess. at 13 (1924) ........ A-46

Treasury Regulation (26 C.F.R.) § 1.83-4(b)(1) ........ A-48

Treasury Regulation (26 C.F.R.) § 1.1011 ........ A-50

# APPENDIX

**Internal Revenue Code of 1986 (26 U.S.C.):**

**§ 165. Losses**

**(a) General rule.**--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

**(b) Amount of deduction.**--For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property.

. . . .

**§ 1001. Determination of amount of and recognition of gain or loss**

**(a) Computation of gain or loss**--The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 1011 for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized.

**(b) Amount realized**--The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received. In determining the amount realized --

> **(1)** there shall not be taken into account any amount received as reimbursement for real property taxes which are treated under section 164(d) as imposed on the purchaser, and
>
> **(2)** there shall be taken into account amounts representing real property taxes which are treated under section 164(d) as imposed on the taxpayer if such taxes are to be paid by the purchaser.

**(c) Recognition of gain or loss**--Except as otherwise provided in this subtitle, the entire amount of the gain or loss, determined under this section, on the sale or exchange of property shall be recognized.

**(d) Installment sales**--Nothing in this section shall be construed to prevent (in the case of property sold under contract providing for payment in installments) the taxation of that portion of any installment payment representing gain or profit in the year in which such payment is received.

(e) **Certain term interests--**

(1) **In general--**In determining gain or loss from the sale or other disposition of a term interest in property, that portion of the adjusted basis of such interest which is determined pursuant to section 1014, 1015, or 1041 (to the extent that such adjusted basis is a portion of the entire adjusted basis of the property) shall be disregarded.

(2) **Term interest in property defined--**For purposes of paragraph (1), the term "term interest in property" means --

(A) a life interest in property,

(B) an interest in property for a term of years, or

(C) an income interest in a trust.

(3) **Exception--**Paragraph (1) shall not apply to a sale or other disposition which is a part of a transaction in which the entire interest in property is transferred to any person or persons.

. . . .

**§ 1011. Adjusted basis for determining gain or loss.**

(a) **General rule**. --The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis (determined under section 1012 or other applicable sections of this subchapter and subchapters C (relating to corporate distributions and adjustments), K (relating to partners and partnerships), and P (relating to capital gains and losses)), adjusted as provided in section 1016.

. . . .

**§ 1012. Basis of Property --Cost.**

The basis of property shall be the cost of such property, except as otherwise provided in this subchapter and subchapters C (relating to corporate distributions and adjustments), K (relating to partners and partnerships), and P (relating to capital gains and losses). The cost of real property shall not include any amount in respect of real property taxes which are treated under section 164(d) as imposed on the taxpayer.

. . . .

**§ 1014. Basis of property acquired from a decedent.**

(a) **In general**. --Except as otherwise provided in this section, the basis of property in the hands of a person acquiring the property from a decedent or to whom the property

passed from a decedent shall, if not sold, exchanged, or otherwise disposed of before the decedent's death by such person, be --

**(1)** the fair market value of the property at the date of the decedent's death,

**(2)** in the case of an election under either section 2032 or section 811(j) of the Internal Revenue Code of 1939 where the decedent died after October 21, 1942, its value at the applicable valuation date prescribed by those sections,

**(3)** in the case of an election under section 2032A, its value determined under such section, or

**(4)** to the extent of the applicability of the exclusion described in section 2031(c), the basis in the hands of the decedent.

. . . .

**§ 1053. Property acquired before March 1, 1913.**

In the case of property acquired before March 1, 1913, if the basis otherwise determined under this subtitle, adjusted (for the period before March 1, 1913) as provided in section 1016, is less than the fair market value of the property as of March 1, 1913, then the basis for determining gain shall be such fair market value. In determining the fair market value of stock in a corporation as of March 1, 1913, due regard shall be given to the fair market value of the assets of the corporation as of that date.

. . . .

**§ 1231. Property used in the trade or business and involuntary conversions.**

**(a)** **General Rule**. --

(3) **Section 1231 gains and losses.--**

For purposes of this subsection--

**(A)** **Section 1231 gain.** --The term "section 1231 gain" means --

**(i)** any recognized gain on the sale or exchange of property used in the trade or business, and

**(ii)** any recognized gain from the compulsory or involuntary conversion (as a result of destruction in whole or in part, theft or seizure, or an exercise of the power of requisition or condemnation or the threat or imminence thereof) into other property or money of --

**(I)** property used in the trade or business, or

**(II)** any capital asset which is held for more than 1 year and is held in connection with a trade or business or a transaction entered into for profit.

**(B) Section 1231 Loss.** --The term "section 1231 loss" means any recognized loss from a sale or exchange or conversion described in subparagraph (A).

. . . .

**§ 7806. Construction of title.**

. . .

**(b) Arrangement and classification**. – No inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title, nor shall any table of contents, table of cross references, or similar outline, analysis, or descriptive matter relating to the contents of this title be given any legal effect. The preceding sentence also applies to the sidenotes and ancillary tables contained in the various prints of this Act before its enactment into law.

**SEC. 177. REPEAL OF EXEMPTION FROM FEDERAL TAX OF THE FEDERAL HOME LOAN MORTGAGE CORPORATION.**

(a) REPEAL OF EXEMPTION.—Subsection (d) of section 303 of the Federal Home Loan Mortgage Corporation Act (12 U.S.C. 1452(d)) is amended—

(1) by striking out "by the United States,",

(2) by striking out "possession thereof," and inserting in lieu thereof "possession of the United States", and

(3) by striking out the last sentence.

(b) TREATMENT OF DIVIDENDS PAID BY FEDERAL HOME LOAN BANK WHICH ARE ALLOCABLE TO DIVIDENDS FROM THE FEDERAL HOME LOAN MORTGAGE CORPORATION.—Subsection (a) of section 246 (relating to denial of dividends received deduction for dividends from certain corporations) is amended to read as follows: 26 USC 246.

"(a) DEDUCTION NOT ALLOWED FOR DIVIDENDS FROM CERTAIN CORPORATIONS.—

"(1) IN GENERAL.—The deductions allowed by sections 243, 244, and 245 shall not apply to any dividend from a corporation which, for the taxable year of the corporation in which the distribution is made, or for the next preceding taxable year of the corporation, is a corporation exempt from tax under section 501 (relating to certain charitable, etc., organizations) or section 521 (relating to farmers' cooperative associations).

"(2) SUBSECTION NOT TO APPLY TO CERTAIN DIVIDENDS OF FEDERAL HOME LOAN BANKS.—

"(A) DIVIDENDS OUT OF CURRENT EARNINGS AND PROFITS.—In the case of any dividend paid by any FHLB out of earnings and profits of the FHLB for the taxable year in which such dividend was paid, paragraph (1) shall not apply to that portion of such dividend which bears the same ratio to the total dividend as—

"(i) the dividends received by the FHLB from the FHLMC during such taxable year, bears to

"(ii) the total earnings and profits of the FHLB for such taxable year.

"(B) DIVIDENDS OUT OF ACCUMULATED EARNINGS AND PROFITS.—For purposes of subparagraph (A), in the case of any dividend which is paid out of any accumulated earnings and profits of any FHLB, paragraph (1) shall not apply to that portion of the dividend which bears the same ratio to the total dividend as—

"(i) the amount of dividends received by such FHLB from the FHLMC which are out of earnings and profits of the FHLMC—

"(I) for taxable years ending after December 31, 1984, and

"(II) which were not taken into account under subparagraph (A), bears to

"(ii) the total accumulated earnings and profits of the FHLB as of the time such dividend is paid.

For purposes of clause (ii), the accumulated earnings and profits of the FHLB as of January 1, 1985, shall be treated as equal to its retained earnings as of such date.

"(C) DEFINITIONS.—For purposes of this paragraph—

"(i) FHLB.—The term 'FHLB' means any Federal Home Loan Bank.

"(ii) FHLMC.—The term 'FHLMC' means the Federal Home Loan Mortgage Corporation.

"(iii) TAXABLE YEAR OF FHLB.—The taxable year of an FHLB shall, except as provided in regulations prescribed by the Secretary, be treated as the calendar year."

(c) TREATMENT OF NET OPERATING LOSSES OF THE FEDERAL HOME LOAN MORTGAGE CORPORATION.—

26 USC 172. (1) IN GENERAL.—Subparagraph (H) of section 172(b)(1) (relating to years to which net operating losses may be carried) is amended—

(A) by inserting ", or a net operating loss of the Federal Home Loan Mortgage Corporation for any taxable year beginning after December 31, 1984" after "1981",

(B) by striking out "the FNMA mortgage disposition loss (within the meaning of subsection (i))" in clause (i) and inserting in lieu thereof "the mortgage disposition loss (within the meaning of subsection (i))", and

(C) by striking out "FNMA mortgage disposition loss" in clause (ii) and inserting in lieu thereof "mortgage disposition loss".

(2) CONFORMING AMENDMENT.—Subsection (i) of section 172 is amended—

(A) by striking out "FNMA mortgage disposition loss" each place it appears in paragraphs (1) and (2) (including in

headings) and inserting in lieu thereof "mortgage disposition loss", and

(B) by striking out "FNMA MORTGAGE DISPOSITION LOSS" in the subsection heading and inserting in lieu thereof "MORTGAGE DISPOSITION LOSS OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION OR THE FEDERAL HOME LOAN MORTGAGE CORPORATION".

(d) EFFECTIVE DATES.— 26 USC 172 note.

(1) IN GENERAL.—The amendments made by this section shall take effect on January 1, 1985.

(2) ADJUSTED BASIS OF ASSETS.—

(A) IN GENERAL.—Except as otherwise provided in subparagraph (B), the adjusted basis of any asset of the Federal Home Loan Mortgage Corporation held on January 1, 1985, shall—

(i) for purposes of determining any loss, be equal to the lesser of the adjusted basis of such asset or the fair market value of such asset as of such date, and

(ii) for purposes of determining any gain, be equal to the higher of the adjusted basis of such asset or the fair market value of such asset as of such date.

(B) SPECIAL RULE FOR TANGIBLE DEPRECIABLE PROPERTY.— In the case of any tangible property which—

(i) is of a character subject to the allowance for depreciation provided by section 167 of the Internal Revenue Code of 1954, and

(ii) is held by the Federal Home Loan Mortgage Corporation on January 1, 1985,

the adjusted basis of such property shall be equal to the lesser of the basis of such property or the fair market value of such property as of such date.

(3) TREATMENT OF PARTICIPATION CERTIFICATES.—

(A) IN GENERAL.—Paragraph (2) shall not apply to any right to receive income with respect to any mortgage pool participation certificate or other similar interest in any mortgage (not including any mortgage).

(B) TREATMENT OF CERTAIN SALES AFTER MARCH 15, 1984, AND BEFORE JANUARY 1, 1985.—If any gain is realized on the sale or exchange of any right described in subparagraph (A) after March 15, 1984, and before January 1, 1985, the gain shall not be recognized when realized but shall be recognized on January 1, 1985.

(4) NO ACCUMULATED EARNINGS AND PROFITS ON JANUARY 1, 1985.—For purposes of the Internal Revenue Code of 1954, the accumulated profits of the Federal Home Loan Mortgage Corporation as of January 1, 1985, shall be treated as zero. 26 USC 1 *et seq.*

(5) ADJUSTED BASIS.—For purposes of this subsection, the adjusted basis of any asset shall be determined under part II of subchapter O of the Internal Revenue Code of 1954.

(6) NO CARRYBACKS FOR YEARS BEFORE 1985.—No net operating loss, capital loss, or excess credit of the Federal Home Loan Mortgage Corporation for any taxable year beginning after December 31, 1984, shall be allowed as a carryback to any taxable year beginning before January 1, 1985.

(7) NO DEDUCTION ALLOWED FOR INTEREST ON REPLACEMENT OBLIGATIONS.—

(A) IN GENERAL.—The Federal Home Loan Mortgage Corporation shall not be allowed any deduction for interest accruing after December 31, 1984, on any replacement obligation.

(B) REPLACEMENT OBLIGATION DEFINED.—For purposes of subparagraph (A), the term "replacement obligation" means any obligation to any person created after March 15, 1984, which the Secretary of the Treasury or his delegate determines replaces any equity or debt interest of a Federal Home Loan Bank or any other person in the Federal Home Loan Mortgage Corporation existing on such date. The preceding sentence shall not apply to any obligation with respect to which the Federal Home Loan Mortgage Corporation establishes that there is no tax avoidance effect.

Computation for calendar year.

*Provisos.*
For 1913, from March 1 to December 31.

Returns to be made by persons having over $3,000.

Form.

Guardians, trustees, etc.

Joint guardians, etc.

D. The said tax shall be computed upon the remainder of said net income of each person subject thereto, accruing during each preceding calendar year ending December thirty-first: *Provided, however*, That for the year ending December thirty-first, nineteen hundred and thirteen, said tax shall be computed on the net income accruing from March first to December thirty-first, nineteen hundred and thirteen, both dates inclusive, after deducting five-sixths only of the specific exemptions and deductions herein provided for. On or before the first day of March, nineteen hundred and fourteen, and the first day of March in each year thereafter, a true and accurate return, under oath or affirmation, shall be made by each person of lawful age, except as hereinafter provided, subject to the tax imposed by this section, and having a net income of $3,000 or over for the taxable year, to the collector of internal revenue for the district in which such person resides or has his principal place of business, or, in the case of a person residing in a foreign country, in the place where his principal business is carried on within the United States, in such form as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe, setting forth specifically the gross amount of income from all separate sources and from the total thereof, deducting the aggregate items or expenses and allowance herein authorized; guardians, trustees, executors, administrators, agents, receivers, conservators, and all persons, corporations, or associations acting in any fiduciary capacity, shall make and render a return of the net income of the person for whom they act, subject to this tax, coming into their custody or control and management, and be subject to all the provisions of this section which apply to individuals: *Provided*, That a return made by one of two or more joint guardians, trustees, executors, administrators, agents, receivers, and conservators, or other persons acting in a fiduciary capacity, filed in the district where such person resides, or in the district where the will or other instrument under which he acts is recorded, under such regulations as the Secretary of the Treasury may prescribe, shall be a sufficient compliance with the requirements of this paragraph; and also all persons, firms, com-

panies, copartnerships, corporations, joint-stock companies or associations, and insurance companies, except as hereinafter provided, in whatever capacity acting, having the control, receipt, disposal, or payment of fixed or determinable annual or periodical gains, profits, and income of another person subject to tax, shall in behalf of such person deduct and withhold from the payment an amount equivalent to the normal income tax upon the same and make and render a return, as aforesaid, but separate and distinct, of the portion of the income of each person from which the normal tax has been thus withheld, and containing also the name and address of such person or stating that the name and address or the address, as the case may be, are unknown: *Provided*, That the provision requiring the normal tax of individuals to be withheld at the source of the income shall not be construed to require any of such tax to be withheld prior to the first day of November, nineteen hundred and thirteen: *Provided further*, That in either case above mentioned no return of income not exceeding $3,000 shall be required: *Provided further*, That any persons carrying on business in partnership shall be liable for income tax only in their individual capacity, and the share of the profits of a partnership to which any taxable partner would be entitled if the same were divided, whether divided or otherwise, shall be returned for taxation and the tax paid, under the provisions of this section, and any such firm, when requested by the Commissioner of Internal Revenue, or any district collector, shall forward to him a correct statement of such profits and the names of the individuals who would be entitled to the same, if distributed: *Provided further*, That persons liable for the normal income tax only, on their own account or in behalf of another, shall not be required to make return of the income derived from dividends on the capital stock or from the net earnings of corporations, joint-stock companies or associations, and insurance companies taxable upon their net income as hereinafter provided. Any person for whom return has been made and the tax paid, or to be paid as aforesaid, shall not be required to make a return unless such person has other net income, but only one deduction of $3,000 shall be made in the case of any such person. The collector or deputy collector shall require every list to be verified by the oath or affirmation of the party rendering it. If the collector or deputy collector have reason to believe that the amount of any income returned is understated, he shall give due notice to the person making the return to show cause why the amount of the return should not be increased, and upon proof of the amount understated may increase the same accordingly. If dissatisfied with the decision of the collector, such person may submit the case, with all the papers, to the Commissioner of Internal Revenue for his decision, and may furnish sworn testimony of witnesses to prove any relevant facts.

INCOME TAX—Continued.
Corporations, etc., to deduct tax from individual profits, etc.
Separate return to be made.
Limitation.
Minimum.
Returns from partners.
Tax-paid dividends.
Not required if no other net income.
Verification of lists.
Increase by collector.
Review by Commissioner.

Income defined.

INCOME DEFINED.

Sources included.

SEC. 2. (a) That, subject only to such exemptions and deductions as are hereinafter allowed, the net income of a taxable person shall include gains, profits, and income derived from salaries, wages, or compensation for personal service of whatever kind and in whatever form paid, or from professions, vocations, businesses, trade, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in real or personal property, also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever: *Provided*, That the term "dividends" as used in this title shall be held to mean any distribution made or ordered to be made by a corporation, joint-stock company, association, or insurance company, out of its earnings or profits accrued since March first, nineteen hundred and thirteen, and payable to its shareholders, whether in cash or in stock of the corporation, joint-stock company, association, or insurance company, which stock dividend shall be considered income, to the amount of its cash value.

*Proviso.* Dividends accruing since March 1, 1913.

Estates of deceased persons.

(b) Income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates, and also such income of estates or any kind of property held in trust, including such income accumulated in trust for the benefit of unborn or unascertained persons, or persons with contingent interests, and income held for future distribution under the terms of the will or trust shall be likewise taxed, the tax in each instance, except when

Trusts, etc.

INCOME TAX.

the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be: *Provided*, That where the income is to be distributed annually or regularly between existing heirs or legatees, or beneficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed.

*Proviso.* Tax on annual distributions.

Trustees and other fiduciaries indemnified for payments.

Such trustees, executors, administrators, and other fiduciaries are hereby idemnified against the claims or demands of every beneficiary for all payments of taxes which they shall be required to make under the provisions of this title, and they shall have credit for the amount of such payments against the beneficiary or principal in any accounting which they make as such trustees or other fiduciaries.

Gains from property acquired before March 1, 1913.

(c) For the purpose of ascertaining the gain derived from the sale or other disposition of property, real, personal, or mixed, acquired before March first, nineteen hundred and thirteen, the fair market price or value of such property as of March first, nineteen hundred and thirteen, shall be the basis for determining the amount of such gain derived.

SEC. 5. That in computing net income in the case of a citizen or resident of the United States— Citizens or residents.

(a) For the purpose of the tax there shall be allowed as deductions— Objects specified.

First. The necessary expenses actually paid in carrying on any business or trade, not including personal, living, or family expenses; Business expenses.

Second. All interest paid within the year on his indebtedness; Interest on debts.

Third. Taxes paid within the year imposed by the authority of the United States, or its Territories, or possessions, or any foreign country, or under the authority of any State, county, school district, or municipality, or other taxing subdivision of any State, not including those assessed against local benefits; General taxes.

Fourth. Losses actually sustained during the year, incurred in his business or trade, or arising from fires, storms, shipwreck, or other casualty, and from theft, when such losses are not compensated for by insurance or otherwise: *Provided*, That for the purpose of ascertaining the loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March first, nineteen hundred and thirteen, the fair market price or value of such property as of March first, nineteen hundred and thirteen, shall be the basis for determining the amount of such loss sustained; Losses. *Proviso.* On property acquired before March 1, 1913.

Fifth. In transactions entered into for profit but not connected with his business or trade, the losses actually sustained therein during the year to an amount not exceeding the profits arising therefrom; Not connected with trade.

Sixth. Debts due to the taxpayer actually ascertained to be worthless and charged off within the year; Worthless debts.

Seventh. A reasonable allowance for the exhaustion, wear and tear of property arising out of its use or employment in the business or trade; Deterioration of property.

Eighth. (a) In the case of oil and gas wells a reasonable allowance for actual reduction in flow and production to be ascertained not by the flush flow, but by the settled production or regular flow; (b) in the case of mines a reasonable allowance for depletion thereof not to exceed the market value in the mine of the product thereof, which has been mined and sold during the year for which the return and computation are made, such reasonable allowance to be made in the case of both (a) and (b) under rules and regulations to be prescribed by the Secretary of the Treasury: *Provided*, That when the allowances authorized in (a) and (b) shall equal the capital originally invested, or in case of purchase made prior to March first, nineteen hundred and thirteen, the fair market value as of that date, no further allowance shall be made. No deduction shall be allowed for any amount paid out for new buildings, permanent improvements, or betterments, made to increase the value of any property or estate, and no deduction shall be made for any amount of expense of restoring property or making good the exhaustion thereof for which an allowance is or has been made. Allowance for oil and gas wells. Mine depletion. *Proviso.* Acquired before March 1, 1913. Betterments, etc., excluded.

BASIS FOR DETERMINING GAIN OR LOSS.

Basis on sales, etc., of property.

SEC. 202. (a) That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—

Acquired before March 1, 1913.

(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; and

Subsequently acquired.

(2) In the case of property acquired on or after that date, the cost thereof; or the inventory value, if the inventory is made in accordance with section 203.

On exchanges of property.

For reorganizations.

(b) When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the amount of its fair market value, if any; but when in connection with the reorganization, merger, or consolidation of a corporation a person receives in place of stock or securities owned by him new stock or securities of no greater aggregate par or face value, no gain or loss shall be deemed to occur from the exchange, and the new stock or securities received shall be treated as taking the place of the stock, securities, or property exchanged.

Gain when value of new, exceeds that of exchanged stocks, etc.

When in the case of any such reorganization, merger or consolidation the aggregate par or face value of the new stock or securities received is in excess of the aggregate par or face value of the stock or securities exchanged, a like amount in par or face value of the new stock or securities received shall be treated as taking the place of the stock or securities exchanged, and the amount of the excess in par or face value shall be treated as a gain to the extent that the fair market value of the new stock or securities is greater than the cost (or if acquired prior to March 1, 1913, the fair market value as of that date) of the stock or securities exchanged.