wholly exempt from taxation under this title as income to the taxpayer, or, in the case of a nonresident alien individual, the proportion of such interest which the amount of his gross income from sources within the United States bears to the amount of his gross income from all sources within and without the United States;

Domestic taxes.
Exceptions.

(3) Taxes paid or accrued within the taxable year imposed (a) by the authority of the United States, except income, war-profits and excess-profits taxes; or (b) by the authority of any of its possessions, except the amount of income, war-profits and excess-profits taxes allowed as a credit under section 222; or (c) by the authority of any State or Territory, or any county, school district, municipality, or other taxing subdivision of any State or Territory, not including those assessed against local benefits of a kind tending to increase the value of the property assessed; or (d) in the case of a citizen or resident of the United States, by the authority of any foreign country, except the amount of income, war-profits and excess-profits taxes allowed as a credit under section 222; or (e) in the case of a nonresident alien individual, by the authority of any foreign country (except income, war-profits and excess-profits taxes, and taxes assessed against local benefits of a kind tending to increase the value of the property assessed), upon property or business;

Foreign taxes.
By citizens or residents.
By nonresident aliens.

Business losses.

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

Losses not connected with business.

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; but in the case of a nonresident alien individual only as to such transactions within the United States; . . .

BASIS FOR DETERMINING GAIN OR LOSS.

Gain or loss

On sales, etc., of property acquired after February 28, 1913, based on cost.

Sec. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

Exceptions

Inventory value used

(1) In the case of such property, which should be included in the inventory, the basis shall be the last inventory value thereof;

Gifts after December 31, 1920, based on value in hands of donor

Ascertainment.

(2) In the case of such property, acquired by gift after December 31, 1920, the basis shall be the same as that which it would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner. In the case of such property acquired by gift on or before December 31, 1920, the basis for ascertaining gain or loss from a sale or other disposition thereof shall be the fair market price or value of such property at the time of such acquisition;

Market value when acquired, if before December 31, 1920.

Bequests, etc., based on market values

Applicable to exchanges.

Post, pp. 278, 279.

(3) In the case of such property, acquired by bequest, devise, or inheritance, the basis shall be the fair market price or value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402.

Property acquired before March 1, 1913, on same basis

(b) The basis for ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March 1, 1913, shall be the same as that provided by subdivision (a); but—

If price in excess of cost.

(1) If its fair market price or value as of March 1, 1913, is in excess of such basis, the gain to be included in the gross income shall be the excess of the amount realized therefor over such fair market price or value;

If price lower than cost

(2) If its fair market price or value as of March 1, 1913, is lower than such basis, the deductible loss is the excess of the fair market price or value as of March 1, 1913, over the amount realized therefor; and

INCOME TAX.
If market price March 1, 1913, received

(3) If the amount realized therefor is more than such basis but not more than its fair market price or value as of March 1, 1913, or less than such basis but not less than such fair market price or value, no gain shall be included in and no loss deducted from the gross income.

Determining gain or loss.

BASIS FOR DETERMINING GAIN OR LOSS, DEPLETION, AND DEPRECIATION.

On cost value on sales, etc., of property acquired after February 28, 1913.

Exceptions.

Inventory value.

Sec. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

(1) If the property should have been included in the last inventory, the basis shall be the last inventory value thereof;

Gifts after December 31, 1920, on value in hands of donor.

Ascertainment.

Or on market value when acquired by donor, etc.

(2) If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the fair market value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information that the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner;

Trust property, acquired after December 31, 1920.

Estates acquisitions excepted.

Vol. 42, p. 278.

Post, p. 304.

(3) If the property was acquired after December 31, 1920, by a transfer in trust (other than by a transfer in trust by bequest or devise) the basis shall be the same as it would be in the hands of the grantor, increased in the amount of gain or decreased in the amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made. The provisions of this paragraph shall not apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402 of the Revenue Act of 1921 or in subdivision (c), (d), or (f) of section 302 of this Act;

Gifts before December 31, 1920.

(4) If the property was acquired by gift or transfer in trust on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition;

Bequests, etc.

Transfers in contemplation of death, etc.

(5) If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402 of the Revenue Act of 1921, or in subdivision (c), (d), or (f) of section 302 of this Act;

Acquired on an exchange, etc.

Partly by exchange and by other property.

Issues of stock excepted.

(6) If the property was acquired upon an exchange described in subdivision (b), (d), (e), or (f) of section 203, the basis shall be the same as in the case of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made. If the property so acquired consisted in part of the type of property permitted by paragraph (1), (2), (3), or (4) of subdivision (b) of section 203 to be received without the recognition of gain or loss, and in part of other property, the basis provided in this paragraph shall be allocated between the properties (other than money) received, and for the purpose of the allocation there shall be assigned to such other property an amount equivalent to its fair market value at the date of the exchange. This paragraph shall not apply to property ac-

quired by a corporation by the issuance of its stock or securities as the consideration in whole or in part for the transfer of the property to it;

Acquired after December 31, 1917, on reorganization, with same party remaining in control.

(7) If the property (other than stock or securities in a corporation a party to the reorganization) was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made;

Acquired after December 31, 1920, by issue of securities.

(8) If the property (other than stock or securities in a corporation a party to a reorganization) was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made;

Stocks, etc., distributed on reorganization after December 31, 1923.

(9) If the property consists of stock or securities distributed after December 31, 1923, to a taxpayer in connection with a transaction described in subdivision (c) of section 203, the basis in the case of the stock in respect of which the distribution was made shall be apportioned, under rules and regulations prescribed by the Commissioner with the approval of the Secretary, between such stock and the stock or securities distributed;

Acquired by involuntary conversion.

(10) If the property was acquired as the result of a compulsory or involuntary conversion described in paragraph (5) of subdivision (b) of section 203, the basis shall be the same as in the case of the property so converted, decreased in the amount of any money received by the taxpayer which was not expended in accordance with the provisions of law (applicable to the year in which such conversion was made) determining the taxable status of the gain or loss upon such conversion, and increased in the amount of gain or decreased in the amount of loss to the taxpayer recognized upon such conversion under the law applicable to the year in which such conversion was made;

Acquired for stock, etc., disposed of, on which no loss allowed.

Post, pp. 270, 284.

(11) If substantially identical property was acquired after December 31, 1920, in place of stock or securities which were sold or disposed of and in respect of which loss was not allowed as a deduction under paragraph (5) of subdivision (a) of section 214 or paragraph (4) of subdivision (a) of section 234 of this Act or the Revenue Act of 1921, the basis in the case of the property so acquired shall be the basis in the case of the stock or securities so sold or disposed of, except that if the repurchase price was in excess of the sale price such basis shall be increased in the amount of the difference, or if the repurchase price was less than the sale price such basis shall be decreased in the amount of the difference.

Sale, etc., of property acquired before March 1, 1913, on cost or market value.

(b) The basis for determining the gain or loss from the sale or other disposition of property acquired before March 1, 1913, shall be (A) the cost of such property (or, in the case of such property as is described in paragraph (1), (4), or (5), of subdivision (a), the basis as therein provided), or (B) the fair market value of such property as of March 1, 1913, whichever is greater. In determining the fair market value of stock in a corporation as of March 1, 1913,

Determination of value.

Income tax.

due regard shall be given to the fair market value of the assets of the corporation as of that date.

Depletion, exhaustion, etc., allowed.

(c) The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property, except that in the case of mines, oil and gas wells, discovered by the taxpayer after February 28, 1913, and not acquired as the result of purchase of a proven tract or lease, where the fair market value of the property is materially disproportionate to the cost, the basis for depletion shall be the fair market value of the property at the date of discovery or within thirty days thereafter; but such depletion allowance based on discovery value shall not exceed 50 per centum of the net income (computed without allowance for depletion) from the property upon which the discovery was made, except that in no case shall the depletion allowance be less than it would be if computed without reference to discovery value.

On mines, oil and gas wells discovered after February 28, 1913.

Limitation.

INCOME TAX. COMPUTATION OF NET INCOME—Contd.

refers to subsection (b) (3) or (5), or described in subsection (d), a foreign corporation shall not be considered as a corporation unless, prior to such exchange, it has been established to the satisfaction of the Commissioner that such exchange is not in pursuance of a plan having as one of its principal purposes the avoidance of Federal income taxes.

Basis for determining gain or loss.

SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

Cost value; exceptions.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

Inventory value.

(1) INVENTORY VALUE.—If the property should have been included in the last inventory, the basis shall be the last inventory value thereof.

Gifts after December 1920.

(2) GIFTS AFTER DECEMBER 31, 1920.—If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift, except that for the purpose of determining loss the basis shall be the basis so determined or the fair market value of the property at the time of the gift, whichever is lower. If the facts necessary to determine the basis in the hands of the donor or the last preceding owner are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis in the hands of such donor or last preceding owner shall be the fair market value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information that the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner.

Determination.

Fair market value.

Trust property acquired after December 1920.

(3) TRANSFER IN TRUST AFTER DECEMBER 31, 1920.—If the property was acquired after December 31, 1920, by a transfer in trust (other than by a transfer in trust by a bequest or devise) the basis shall be the same as it would be in the hands of the grantor, increased in the amount of gain or decreased in the amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made.

As in hands of grantor.

Gift or transfer in trust before January 1, 1921.

(4) GIFT OR TRANSFER IN TRUST BEFORE JANUARY 1, 1921.—If the property was acquired by gift or transfer in trust on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition.

Property transmitted at death.

(5) PROPERTY TRANSMITTED AT DEATH.—If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. In the case of property transferred in trust to pay the income for life to or upon the order or direction of the grantor, with the right reserved to the grantor at all times prior to his death to revoke the trust, the basis of such property in the hands of the persons entitled under the terms of the trust instrument to the property after the grantor's death shall, after such death, be the same as if the trust instrument had been a will executed on the day of the grantor's death. For the purpose of this paragraph property passing without full and adequate consideration under a general power of appointment exercised by will shall be deemed to be property passing from the individual exercising such power by bequest or devise.

Transfer in trust with right to revoke.

Without full consideration, under general power of appointment.

Acquired on exchange.
Ante, p. 704.

(6) TAX-FREE EXCHANGES GENERALLY.—If the property was acquired, after February 28, 1913, upon an exchange described in section 112(b) to (e), inclusive, the basis shall be the same as in

INCOME TAX. COMPUTATION OF NET INCOME—Contd.

the case of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made. If the property so acquired consisted in part of the type of property permitted by section 112(b) to be received without the recognition of gain or loss, and in part of other property, the basis provided in this paragraph shall be allocated between the properties (other than money) received, and for the purpose of the allocation there shall be assigned to such other property an amount equivalent to its fair market value at the date of the exchange. This paragraph shall not apply to property acquired by a corporation by the issuance of its stock or securities as the consideration in whole or in part for the transfer of the property to it.

Partly on exchange and partly by other property.

Stock issued as consideration excepted.

(7) TRANSFERS TO CORPORATION WHERE CONTROL OF PROPERTY REMAINS IN SAME PERSONS.—If the property was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 50 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. This paragraph shall not apply if the property acquired consists of stock or securities in a corporation a party to the reorganization, unless acquired by the issuance of stock or securities of the transferee as the consideration in whole or in part for the transfer.

Transfers to corporation where control of property remains in same persons.

By a corporation a party to reorganization.

(8) PROPERTY ACQUIRED BY ISSUANCE OF STOCK OR AS PAID-IN SURPLUS.—If the property was acquired after December 31, 1920, by a corporation—

Property acquired by issuance of stock or as paid-in surplus, by a corporation after 1920.

(A) by the issuance of its stock or securities in connection with a transaction described in section 112(b)(5) (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities), or

Issuance of stock controlled by transferor.

Ante, p 704.

(B) as paid-in surplus or as a contribution to capital,

Paid-in surplus, etc.

then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

(9) INVOLUNTARY CONVERSION.—If the property was acquired, after February 28, 1913, as the result of a compulsory or involuntary conversion described in section 112(f), the basis shall be the same as in the case of the property so converted, decreased in the amount of any money received by the taxpayer which was not expended in accordance with the provisions of law (applicable to the year in which such conversion was made) determining the taxable status of the gain or loss upon such conversion, and increased in the amount of gain or decreased in the amount of loss to the taxpayer recognized upon such conversion under the law applicable to the year in which such conversion was made.

Acquired by involuntary conversion.

(10) WASH SALES OF STOCK.—If the property consists of stock or securities the acquisition of which (or the contract or option to acquire which) resulted in the nondeductibility (under section 118 of this Act or corresponding provisions of prior income tax

Wash sales of stock on which loss not allowed.

Post, p. 715.

INCOME TAX. COMPUTATION OF NET INCOME—Contd. Basis.

laws, relating to wash sales) of the loss from the sale or other disposition of substantially identical stock or securities, then the basis shall be the basis of the stock or securities so sold or disposed of, increased or decreased, as the case may be, by the difference, if any, between the price at which the property was acquired and the price at which such substantially identical stock or securities were sold or otherwise disposed of.

Property acquired during affiliation.

(11) PROPERTY ACQUIRED DURING AFFILIATION.—In the case of property acquired by a corporation, during a period of affiliation, from a corporation with which it was affiliated, the basis of such property, after such period of affiliation, shall be determined, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, without regard to inter-company transactions in respect of which gain or loss was not recognized. For the purposes of this paragraph, the term "period of affiliation" means the period during which such corporations were affiliated (determined in accordance with the law applicable thereto) but does not include any taxable year beginning on or after January 1, 1922, unless a consolidated return was made, nor any taxable year after the taxable year 1928. The basis in case of property acquired by a corporation during any period, in the taxable year 1929 or any subsequent taxable year, in respect of which a consolidated return is made by such corporation under section 141 of this Act or the Revenue Act of 1928 or the Revenue Act of 1932, shall be determined in accordance with regulations prescribed under section 141 (b) of this Act or the Revenue Act of 1928 or the Revenue Act of 1932. The basis in the case of property held by a corporation during any period, in the taxable year 1929 or any subsequent taxable year, in respect of which a consolidated return is made by such corporation under section 141 of this Act or the Revenue Act of 1928 or the Revenue Act of 1932, shall be adjusted in respect of any items relating to such period, in accordance with regulations prescribed under section 141 (b) of this Act or the Revenue Act of 1928 or the Revenue Act of 1932, applicable to such period.

Adjustment and determination of basis.

"Period of affiliation" defined.

Basis in subsequent years.

Vol. 45, p. 831

Post, p. 721.

Basis established by Revenue Act of 1932.

(12) BASIS ESTABLISHED BY REVENUE ACT OF 1932.—If the property was acquired, after February 28, 1913, in any taxable year beginning prior to January 1, 1934, and the basis thereof, for the purposes of the Revenue Act of 1932 was prescribed by section 113(a) (6), (7), or (9) of such Act, then for the purposes of this Act the basis shall be the same as the basis therein prescribed in the Revenue Act of 1932.

Basis for partnership property, acquired after February 28, 1913.

(13) PARTNERSHIPS.—If the property was acquired, after February 28, 1913, by a partnership and the basis is not otherwise determined under any of the paragraphs (1) to (12), inclusive, of this subsection, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. If the property was distributed in kind by a partnership to any partner, the basis of such property in the hands of the partner shall be such part of the basis in his hands of his partnership interest as is properly allocable to such property.

Property acquired before March 1913.

(14) PROPERTY ACQUIRED BEFORE MARCH 1, 1913.—In the case of property acquired before March 1, 1913, if the basis otherwise determined under this subsection, adjusted (for the period prior to March 1, 1913) as provided in subsection (b), is less than the fair market value of the property as of March 1, 1913, then the

basis for determining gain shall be such fair market value. In determining the fair market value of stock in a corporation as of March 1, 1913, due regard shall be given to the fair market value of the assets of the corporation as of that date.

INCOME TAX. COMPUTATION OF NET INCOME—Contd.

Assets based on fair market value.

SEC. 1012. REPEAL OF TAX-EXEMPT STATUS FOR CERTAIN ORGANIZATIONS PROVIDING COMMERCIAL-TYPE INSURANCE.

(a) IN GENERAL.—Section 501 (relating to exemption from tax on corporations, certain trusts, etc.) is amended by redesignating subsection (m) as subsection (n) and by inserting after subsection (l) the following new subsection:

"(m) CERTAIN ORGANIZATIONS PROVIDING COMMERCIAL-TYPE INSURANCE NOT EXEMPT FROM TAX.—

"(1) DENIAL OF TAX EXEMPTION WHERE PROVIDING COMMERCIAL-TYPE INSURANCE IS SUBSTANTIAL PART OF ACTIVITIES.—An organization described in paragraph (3) or (4) of subsection (c) shall be exempt from tax under subsection (a) only if no substantial part of its activities consists of providing commercial-type insurance.

"(2) OTHER ORGANIZATIONS TAXED AS INSURANCE COMPANIES ON INSURANCE BUSINESS.—In the case of an organization described in paragraph (3) or (4) of subsection (c) which is exempt from tax under subsection (a) after the application of paragraph (1) of this subsection—

"(A) the activity of providing commercial-type insurance shall be treated as an unrelated trade or business (as defined in section 513), and

"(B) in lieu of the tax imposed by section 511 with respect to such activity, such organization shall be treated as an insurance company for purposes of applying subchapter L with respect to such activity.

"(3) COMMERCIAL-TYPE INSURANCE.—For purposes of this subsection, the term 'commercial-type insurance' shall not include—

"(A) insurance provided at substantially below cost to a class of charitable recipients,

"(B) incidental health insurance provided by a health maintenance organization of a kind customarily provided by such organizations,

"(C) property or casualty insurance provided (directly or through an organization described in section 414(e)(3)(B)(ii)) by a church or convention or association of churches for such church or convention or association of churches, and

"(D) providing retirement or welfare benefits (or both) by a church or a convention or association of churches (directly or through an organization described in section 414(e)(3)(A) or 414(e)(3)(B)(ii)) for the employees (including employees described in section 414(e)(3)(B)) of such church or convention or association of churches or the beneficiaries of such employees.

"(4) INSURANCE INCLUDES ANNUITIES.—For purposes of this subsection, the issuance of annuity contracts shall be treated as providing insurance."

(b) TREATMENT OF BLUE CROSS AND BLUE SHIELD ORGANIZATIONS AND SIMILAR ORGANIZATIONS.—

(1) IN GENERAL.—Part III of subchapter L of chapter 1 is amended by adding at the end thereof the following new section:

"SEC. 833. TREATMENT OF BLUE CROSS AND BLUE SHIELD ORGANIZATIONS, ETC.

"(a) GENERAL RULE.—In the case of any organization to which this section applies—

"(1) TREATED AS STOCK COMPANY.—Such organization shall be taxable under this part in the same manner as if it were a stock insurance company.

"(2) SPECIAL DEDUCTION ALLOWED.—The deduction determined under subsection (b) for any taxable year shall be allowed.

"(3) REDUCTIONS IN UNEARNED PREMIUM RESERVES NOT TO APPLY.—Subparagraph (B) of paragraph (4) of section 832(b) shall be applied by substituting '100 percent' for '80 percent', and subparagraph (C) of such paragraph (4) shall not apply.

"(b) AMOUNT OF DEDUCTION.—

"(1) IN GENERAL.—Except as provided in paragraph (2), the deduction determined under this subsection for any taxable year is the excess (if any) of—

"(A) 25 percent of the sum of—

"(i) the claims incurred during the taxable year, and

"(ii) the expenses incurred during the taxable year in connection with the administration, adjustment, or settlement of claims, over

"(B) the adjusted surplus as of the beginning of the taxable year.

"(2) LIMITATION.—The deduction determined under paragraph (1) for any taxable year shall not exceed taxable income for such taxable year (determined without regard to such deduction).

"(3) ADJUSTED SURPLUS.—For purposes of this subsection—

"(A) IN GENERAL.—The adjusted surplus as of the beginning of any taxable year is an amount equal to the adjusted surplus as of the beginning of the preceding taxable year—

"(i) increased by the amount of any adjusted taxable income for such preceding taxable year, or

"(ii) decreased by the amount of any adjusted net operating loss for such preceding taxable year.

"(B) SPECIAL RULE.—The adjusted surplus as of the beginning of the organization's 1st taxable year beginning after December 31, 1986, shall be its surplus as of such time. For purposes of the preceding sentence and subsection (c)(3)(C), the term 'surplus' means the excess of the total assets over total liabilities as shown on the annual statement.

"(C) ADJUSTED TAXABLE INCOME.—The term 'adjusted taxable income' means taxable income determined—

"(i) without regard to the deduction determined under this subsection,

"(ii) without regard to any carryforward or carryback to such taxable year, and

"(iii) by increasing gross income by an amount equal to the net exempt income for the taxable year.

"(D) ADJUSTED NET OPERATING LOSS.—The term 'adjusted net operating loss' means the net operating loss for any taxable year determined with the adjustments set forth in subparagraph (C).

"(E) NET EXEMPT INCOME.—The term 'net exempt income' means—

"(i) any tax-exempt interest received or accrued during the taxable year, reduced by any amount (not otherwise deductible) which would have been allowable as a deduction for the taxable year if such interest were not tax-exempt, and

"(ii) the aggregate amount allowed as a deduction for the taxable year under sections 243, 244, and 245.

The amount determined under clause (ii) shall be reduced by the amount of any decrease in deductions allowable for the taxable year by reason of section 832(b)(5)(B) to the extent such decrease is attributable to deductions under sections 243, 244, and 245.

"(4) ONLY HEALTH-RELATED ITEMS TAKEN INTO ACCOUNT.—Any determination under this subsection shall be made by only taking into account items attributable to the health-related business of the taxpayer.

"(c) ORGANIZATIONS TO WHICH SECTION APPLIES.—

"(1) IN GENERAL.—This section shall apply to—

"(A) any existing Blue Cross or Blue Shield organization, and

"(B) any other organization meeting the requirements of paragraph (3).

"(2) EXISTING BLUE CROSS OR BLUE SHIELD ORGANIZATION.—The term 'existing Blue Cross or Blue Shield organization' means any Blue Cross or Blue Shield organization if—

"(A) such organization was in existence on August 16, 1986,

"(B) such organization is determined to be exempt from tax for its last taxable year beginning before January 1, 1987, and

"(C) no material change has occurred in the operations of such organization or in its structure after August 16, 1986, and before the close of the taxable year.

To the extent permitted by the Secretary, any successor to an organization meeting the requirements of the preceding sentence, and any organization resulting from the merger or consolidation of organizations each of which met such require-

ments, shall be treated as an existing Blue Cross or Blue Shield organization.

"(3) OTHER ORGANIZATIONS.—

"(A) IN GENERAL.—An organization meets the requirements of this paragraph for any taxable year if—

"(i) substantially all the activities of such organization involve the providing of health insurance,

"(ii) at least 10 percent of the health insurance provided by such organization is provided to individuals and small groups (not taking into account any medicare supplemental coverage),

"(iii) such organization provides continuous full-year open enrollment (including conversions) for individuals and small groups,

"(iv) such organization's policies covering individuals provide full coverage of pre-existing conditions of high-risk individuals without a price differential (with a reasonable waiting period), and coverage is provided without regard to age, income, or employment status of individuals under age 65,

"(v) at least 35 percent of its premiums are determined on a community rated basis, and

"(vi) no part of its net earnings inures to the benefit of any private shareholder or individual.

"(B) SMALL GROUP DEFINED.—For purposes of subparagraph (A), the term 'small group' means the lesser of—

"(i) 15 individuals, or

"(ii) the number of individuals required for a small group under applicable State law.

"(C) SPECIAL RULE FOR DETERMINING ADJUSTED SURPLUS.—For purposes of subsection (b), the adjusted surplus of any organization meeting the requirements of this paragraph as of the beginning of the 1st taxable year for which it meets such requirements shall be its surplus as of such time."

(2) CLERICAL AMENDMENT.—The table of sections for such part III is amended by adding at the end thereof the following new item:

"Sec. 833. Treatment of Blue Cross and Blue Shield organizations, etc."

(c) EFFECTIVE DATE.—

(1) IN GENERAL.—The amendments made by this section shall apply to taxable years beginning after December 31, 1986.

(2) STUDY OF FRATERNAL BENEFICIARY ASSOCIATIONS.—The Secretary of the Treasury or his delegate shall conduct a study of organizations described in section 501(c)(8) of the Internal Revenue Code of 1986 and which received gross annual insurance premiums in excess of $25,000,000 for the taxable years of such organizations which ended during 1984. Not later than January 1, 1988, the Secretary of the Treasury shall submit to the Committee on Ways and Means of the House of Representatives, the Committee on Finance of the Senate, and the Joint Committee on Taxation the results of such study, together with such recommendations as he determines to be appropriate. The Secretary of the Treasury shall have authority to require the furnishing of such information as may be necessary to carry out the purposes of this paragraph.

(3) SPECIAL RULES FOR EXISTING BLUE CROSS OR BLUE SHIELD ORGANIZATIONS.—

(A) IN GENERAL.—In the case of any existing Blue Cross or Blue Shield organization (as defined in section 833(c)(2) of the Internal Revenue Code of 1986 as added by this section)—

(i) no adjustment shall be made under section 481 (or any other provision) of such Code on account of a change in its method of accounting for its 1st taxable year beginning after December 31, 1986, and

(ii) for purposes of determining gain or loss, the adjusted basis of any asset held on the 1st day of such taxable year shall be treated as equal to its fair market value as of such day.

(B) TREATMENT OF CERTAIN DISTRIBUTIONS.—For purposes of section 833(b)(3)(B), the surplus of any organization as of the beginning of its 1st taxable year beginning after December 31, 1986, shall be increased by the amount of any distribution (other than to policyholders) made by such organization after August 16, 1986, and before the beginning of such taxable year.

(C) RESERVE WEAKENING AFTER AUGUST 16, 1986.—Any reserve weakening after August 16, 1986, by an existing Blue Cross or Blue Shield organization shall be treated as occurring in such organization's 1st taxable year beginning after December 31, 1986.

(4) OTHER SPECIAL RULES.—

(A) The amendments made by this section shall not apply with respect to that portion of the business of Mutual of America which is attributable to pension business.

(B) The amendments made by this section shall not apply to that portion of the business of the Teachers Insurance Annuity Association-College Retirement Equities Fund which is attributable to pension business.

(C) The amendments made by this section shall not apply to—

(i) the retirement fund of the YMCA,

(ii) the Missouri Hospital Association,

(iii) administrative services performed by municipal leagues, and

(iv) dental benefit coverage provided by Delta Dental Plans Association through contracts with independent professional service providers so long as the provision of such coverage is the principal activity of such Association.

(D) For purposes of this paragraph, the term "pension business" means the administration of any plan described in section 401(a) of the Internal Revenue Code of 1954 which includes a trust exempt from tax under section 501(a), any plan under which amounts are contributed by an individual's employer for an annuity contract described in section 403(b) of such Code, any individual retirement plan described in section 408 of such Code, and any eligible deferred compensation plan to which section 457(a) of such Code applies.

# SEIDMAN'S LEGISLATIVE HISTORY *of* FEDERAL INCOME TAX LAWS

## 1938-1861

*by*

J. S. SEIDMAN

*Member, the New York Bar; Partner, Seidman & Seidman, Certified Public Accountants*

T
S45 ✓

NEW YORK : 1938
PRENTICE-HALL, INC.

COPYRIGHT, 1938, BY
PRENTICE-HALL, INC.

*All Rights Reserved.*

First printing . . . . . December, 1938

PRINTED IN THE UNITED STATES OF AMERICA

[BASIS FOR DETERMINING GAIN OR LOSS, DEPLETION, AND DEPRECIATION.] Sec. 204(a)(11)

[Sec. 204. (a) The basis for determining the gain or loss * * *]

(11) If substantially identical property was acquired after December 31, 1920, in place of stock or securities which were sold or disposed of and in respect of which loss was not allowed as a deduction under paragraph (5) of subdivision (a) of section 214 or paragraph (4) of subdivision (a) of section 234 of this Act or the Revenue Act of 1921, the basis in the case of the property so acquired shall be the basis in the case of the stock or securities so sold or disposed of, except that if the repurchase price was in excess of the sale price such basis shall be increased in the amount of the difference, or if the repurchase price was less than the sale price such basis shall be decreased in the amount of the difference.

### Committee Reports

**Report—Ways and Means Committee (68th Cong., 1st Sess., H. Rept. 179).**—(7) Paragraph (11) of the bill corresponds to section 202 (d) (3) of the existing law. The rule laid down in the existing law is the correct one only if the stock or securities sold are repurchased for the same amount as that for which sold. In all other cases the rule prescribed in the existing law is wrong. In the proposed draft provision is made for the case in which the repurchase price differs from the price for which the securities were sold. (p.18)

**Report—Senate Finance Committee (68th Cong., 1st Sess., S. Rept. 398).**—Same, except for clerical changes, as Ways and Means Committee Report. (p.19) In addition there is the following:

[1]Example: A purchased a share of stock for $100. He sold it for $80, and within 30 days thereafter repurchased it for $90. No loss from the sale is recognized. Under the bill the basis of the new share is the basis of the old, $100, increased by $10, the amount of the difference between the price for which sold, $80, and the repurchase price, $90. The resulting basis is $110.

Proof: Suppose A subsequently sells the share of stock for $120. His total investments in the property are $100, the cost of the original share, plus $90, its repurchase price, a total of $190. He has received from the transaction $200; that is, the $80 for which the share was originally sold, plus the $120 for which it was sold the second time. On the whole transaction there is a gain of $10, the excess of the amounts received from the transaction over the amounts expended. This result is reached under the paragraph since the basis of the new share of stock is placed at $110. (p.14-15)

[1] From statement (Mar. 6, 1924) prepared for use of Senate Finance Committee by Treasury Department in explanation of proposed changes in the Revenue Act of 1921.

[BASIS FOR DETERMINING GAIN OR LOSS, DEPLETION, AND DEPRECIATION.] Sec. 204(b)

(b) The basis for determining the gain or loss from the sale or other disposition of property acquired before March 1, 1913, shall be (A) the cost of such property (or, in the case of such property as is described in paragraph (1), (4), or (5), of subdivision (a), the basis as therein provided), or (B) the fair market value of such property as of March 1, 1913, whichever is greater. **(16)** *In determining the fair market value of stock in a corporation as of March 1, 1913, due regard shall be given to the fair market value of the assets of the corporation as of that date.*

## Committee Reports

**Report—Ways and Means Committee (68th Cong., 1st Sess., H. Rept. 179).**—(8) Subdivision (b) provides that the basis for determining the gain or loss from the sale or other disposition of property acquired before March 1, 1913, shall be the cost of the property or its fair market value as of March 1, 1913, whichever is higher. This provision changes the existing law in the interests of the taxpayer. It simplifies exceedingly the rule in effect under the present law without appreciable loss to the Treasury. (p.18)

**Report—Senate Finance Committee (68th Cong., 1st Sess., S. Rept. 398).**—Same, except for clerical changes, as Ways and Means Committee Report. In addition there is the following:

A provision is inserted providing that in determining the fair market value of stock in a corporation, as of March 1, 1913, due regard shall be given to the fair market value of the assets of the corporation as of that date. It is alleged that the Treasury Department in valuing the stock of close corporations, as of March 1, 1913, has given insufficient weight to the value of the assets as of that date and too great weight to forced or isolated sales of comparatively small blocks of the stock. This provision is to prevent such practice by the department in the future by providing specifically that in determining the value of the stock due regard shall be given to the value of the corporate assets. (p.19-20)

**Report—Conference Committee (68th Cong., 1st Sess., H. Rept. 844).**—Amendment No. 16: This amendment provides that in determining the fair market value of stock in a corporation as of March 1, 1913, due regard shall be given to the fair market value of the assets of the corporation as of that date; and the House recedes. (p.15)

## Committee Hearings

**Hearings—Ways and Means Committee.**—Making basic date Mar. 1, 1913 or four years prior to sale. (H. R. Ennis, p.518-519)

Sec. 204(c)

[BASIS FOR DETERMINING GAIN OR LOSS, DEPLETION, AND DEPRECIATION.]

(c) The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property, except that in the case of mines, oil and gas wells, discovered by the taxpayer after February 28, 1913, and not acquired as the result of purchase of a proven tract or lease, where the fair market value of the property is materially disproportionate to the cost, the basis for depletion shall be the fair market value of the property at the date of discovery or within thirty days thereafter; but such depletion allowance based on discovery value shall not exceed 50 per centum of the net income (computed without allowance for depletion) from the property upon which the discovery was made, except that in no case shall the depletion allowance be less than it would be if computed without reference to (17) ~~this paragraph~~ *discovery value*. (18) [*Discoveries shall include minerals discovered or proven in an existing mine or mining tract by the taxpayer after February 28, 1913, not included in any prior valuation.*]